UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.:  22-CV-80726-DMM

ARTHUR BARRY SOTLOFF Individually and as the Administrator of the Estate of STEVEN JOEL SOTLOFF; SHIRLEY GOLDIE PULWER, AND LAUREN SOTLOFF,

Plaintiffs,

Vs.

QATAR CHARITY, a Foreign Non-Profit Organization and QATAR NATIONAL BANK (Q.P.S.C), a Foreign Multinational Commercial Bank

Defendants.
_____/

**PROPOSED ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF PROCESS UPON THE FOREIGN DEFENDANTS**

THIS MATTER came before the Court upon Plaintiffs, ARTHUR BARRY SOTLOFF Individually and as the Administrator of the Estate of STEVEN JOEL SOTLOFF, SHIRLEY GOLDIE PULWER and LAUREN SOTLOFF's *Ex Parte* Motion For order Authorizing Alternative Service Of Process Upon the Foreign Defendants QATAR CHARITY, a Foreign Non-Profit Organization  and QATAR NATIONAL BANK (Q.P.S.C), a Foreign Multinational Commercial Bank [ECF XX] ("Motion").

In their Complaint [ECF 1], Plaintiffs set forth claims against Defendants for (I) Aiding And Abetting Foreign Terrorist Organizations In Violation Of 18 U.S.C. § 2333(d); (II) Violation

Of The Anti-Terrorism Act, 18 U.S.C. § 2333(d); (III) Providing Material Support To Terrorists In Violation Of 18 U.S.C. §§ 2339a And 2333(a); and (IV) Providing Material Support To Foreign Terrorist Organizations In Violation Of 18 U.S.C. §§ 2339B(a)(1) and 2333(a). More specifically Plaintiffs allege Defendants are members of a conspiracy that financed the notorious terrorist organization the Islamic State of Iraq and Syria ("ISIS") at the same time that ISIS was holding Steven Sotloff hostage and torturing him. ISIS would eventually behead Steven Sotloff on August 31, 2014. *Id.*

Plaintiffs contend that service of process via Letters Rogatory would be unduly burdensome and would cause a lengthy delay in the proceedings. [Declaration of Joshua Perles at 10] Plaintiffs further contend that there are currently three cases pending in the United States District Court for the Eastern District of New York, in which both QNB and the Qatar Charity are defendants, in which Defendants were served copies of the summons, complaint, and certified Arabic translation of each on Qatar Charity via FedEx at Building 18, Street 132, Zone 69, Doha, Qatar, and on Qatar National Bank at Qatar National Bank Building, Al Corniche Street, Doha, Qatar [ *Id.* ¶¶ 11 and 12] and that in each of the three of the aforementioned EDNY actions, the DLA Piper LLP US attorneys John M. Hillebrecht (john.hillebrecht@dlapiper.com), Jessica A. Masella (jessica.masella@dlapiper.com), Kevin Walsh (kevin.walsh@dlapiper.com), and Michael George Lewis (michael.lewis@dlapiper.com) entered an appearance on behalf of Qatar Charity and that Ropes and Gray attorneys Michael G. McGovern (michael.mcgovern@ropesgray.com), Brittany Grace Norfleeet (brittany.norfleet@ropesgray.com), Douglass H Hallward-Driemeier (douglas.hallward-driemeier@ropesgray.com), and Mary Brust (mary.brust@ropesgray.com) entered an appearance on behalf of Qatar Charity. [Id. ¶¶13 and 14] Consequently, Plaintiffs assert that service via FedEx to the Defendants' offices in Qatar with copy via email to the above

attorneys, are the most reliable means of providing Defendants with notice of this action. [*Id.* at 10]

Rule 4(f)(3) allows a district court to order an alternate method for service to be effected upon foreign defendants, provided that it is not prohibited by international agreement, and is reasonably calculated to give notice to the defendants. See *Brookshire Bros. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have found broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003))); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing alternate means of service lies within the discretion of the district court. Rule 4(f)(3) was "adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *In re Int'l Telemedia Assoc., Inc.*, 245 B.R. 713 (Bankr. N.D. Ga. 2000). What constitutes appropriate service varies depending on the circumstances of the case and turns on the court's determination of whether the alternative method is reasonably calculated to apprise the parties of the pendency of the action and afford them an opportunity to present their objections. *Philip Morris USA, Inc. v. Veles Ltd.*, No. 06 CV 2988 (GBD), 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007).

Here, the Court finds that Plaintiff has shown good cause for leave to allow service of the Summonses, Complaint, upon each Defendant, via FedEx and via email to DLA Piper LLP US attorneys John M. Hillebrecht (john.hillebrecht@dlapiper.com), Jessica A. Masella (jessica.masella@dlapiper.com), Kevin Walsh (kevin.walsh@dlapiper.com), and Michael George

Lewis (michael.lewis@dlapiper.com) on behalf of Qatar Charity and Ropes and Gray attorneys Michael G. McGovern (michael.mcgovern@ropesgray.com), Brittany Grace Norfleeet (brittany.norfleet@ropesgray.com), Douglass H Hallward-Driemeier (douglas.hallward-driemeier@ropesgray.com), and Mary Brust (mary.brust@ropesgray.com) on behalf of QNB.

Accordingly, after careful review of the Motion, the evidence submitted in support of the Motion, and the applicable law, it is

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion, ECF No. [  ], is GRANTED;

2. Plaintiff shall serve the Summonses and Complaint via FedEx and via email to DLA Piper LLP US attorneys John M. Hillebrecht (john.hillebrecht@dlapiper.com), Jessica A. Masella (jessica.masella@dlapiper.com), Kevin Walsh (kevin.walsh@dlapiper.com), and Michael George Lewis (michael.lewis@dlapiper.com) on behalf of Qatar Charity and Ropes and Gray attorneys Michael G. McGovern (michael.mcgovern@ropesgray.com), Brittany Grace Norfleeet (brittany.norfleet@ropesgray.com), Douglass H Hallward-Driemeier (douglas.hallward-driemeier@ropesgray.com), and Mary Brust (mary.brust@ropesgray.com) on behalf of QNB.

**DONE AND ORDERED** in Chambers at Palm Beach, Florida, on _____, 2022.

                                                               **UNITED STATES DISTRICT JUDGE**