# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION
## CASE NO.: 22-CV-80726-DMM

ARTHUR BARRY SOTLOFF Individually and as the Administrator of the Estate of STEVEN JOEL SOTLOFF; SHIRLEY GOLDIE PULWER, and LAUREN SOTLOFF,
  Plaintiffs,

v.

QATAR CHARITY, a Foreign Non-Profit Organization and QATAR NATIONAL BANK (Q.P.S.C), a Foreign Multinational Commercial Bank
  Defendants.
_____/

## **PLAINTIFFS' MOTION FOR JUDICIAL NOTICE**

Plaintiffs, ARTHUR BARRY SOTLOFF Individually and as the Administrator of the Estate of STEVEN JOEL SOTLOFF, SHIRLEY GOLDIE PULWER, and LAUREN SOTLOFF, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 201, request this Court take judicial notice of facts, as authorized by Rule 201, and in support state as follows:

1. Plaintiff are suing Defendants for having caused violent acts of terrorism against their son, Steven Sotloff, under 18 U.S.C. §§ 2333(d), 2339A and 2339B and the Justice Against Sponsors of Terrorism Act ("JASTA") § 2b. Complaint [DOC1] at ¶¶ 237, 249, 251, 261, 264, 278, 280, and 290.

2. By way of Plaintiffs' Ex Parte Motion [DE 9], Plaintiffs are requesting the Court to issue an order authorizing alternative service of process on the Defendants.

3. Plaintiffs' Ex Parte Motion explains that Defendants are currently defending three separate suits, where, as in this matter, the plaintiffs in those three cases allege Defendants engaged in

acts of terror finance in violation of the Anti Terrorism Act ("ATA"), 18 U.S.C. § 2331 et seq. The three case (the "EDNY actions") are captioned as follows:

   a. *Force v. Qatar Charity*, No. 20-cv-2578-BMC (EDNY)

   b. *Przewozman v. Qatar Charity*, No. 20-cv-6088-NGG-RLM (EDNY)

   c. *Henkin v. Qatar Charity*, No. No. 21-cv-5716-AMD-VMS (EDNY)

   [*Id.* at ¶¶ 11 and 12]

4. Plaintiffs' *Ex Parte* Motion asserts that in all three of the aforementioned EDNY actions, that DLA Piper LLP US attorneys John M. Hillebrecht (john.hillebrecht@dlapiper.com), Jessica A. Masella (jessica.masella@dlapiper.com), Kevin Walsh (kevin.walsh@dlapiper.com), and Michael George Lewis (michael.lewis@dlapiper.com) entered an appearance on behalf of Qatar Charity. [*Id.* at ¶ 13]

5. Plaintiffs' Ex Parte Motion also asserts that in all three of the aforementioned EDNY actions, Ropes and Gray attorneys Michael G. McGovern (michael.mcgovern@ropesgray.com), Brittany Grace Norfleeet (brittany.norfleet@ropesgray.com), Douglass H Hallward-Driemeier (douglas.hallward-driemeier@ropesgray.com), and Mary Brust (mary.brust@ropesgray.com) entered an appearance on behalf of Qatar Charity. [*Id.* at ¶ 14]

6. Plaintiffs request the Court take judicial notice of the docket reports for each of the three EDNY cases referenced above, which reports establish that the aforementioned attorneys have appeared as counsel of record and are actively representing the respective Defendants in defense of the claims asserted against these same Defendants in the EDNY cases. See attached Docket Report for case no. 20-cv-2578-BMC (EDNY), case no. 20-cv-6088-NGG-RLM (EDNY) and case no. No. 21-cv-5716-AMD-VMS (EDNY).

7. A court has the authority to take judicial notice of adjudicative facts. The court can take judicial notice of facts that are not subject to reasonable dispute if the facts either (1) are generally known within the court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458 (9th Cir. 1995); see *Dippin' Dots, Inc. v. Frosty Bites Distrib.*, 369 F.3d 1197, 1204–05 (11th Cir. 2004). See also "Adjudicative facts," O'Connor's Federal Rules Civil Trials, ch. 5-N, § 2.1 (2022 ed.).

8. A court must take judicial notice of a fact if a party properly requests it and supplies the court with the necessary information. Fed. R. Evid. 201(c)(2). See "Mandatory," O'Connor's Federal Rules Civil Trials, ch. 5-N, § 7.1.1(1) (2022 ed.).

## Conclusion

9. The attached docket reports are a source that cannot reasonably be called into question. The docket reports establish beyond dispute that these Defendants are represented in pending litigation so that if the Court were to authorize alternative service of process via email to the above-named attorneys, such service would be reasonably calculated, under all the circumstances, to apprise the Defendants of the pendency of the action and afford Defendants an opportunity to present their defenses and also would afford a reasonable time for the Defendants to make their appearance.

WHEREFORE, Plaintiffs, ARTHUR BARRY SOTLOFF Individually and as the Administrator of the Estate of STEVEN JOEL SOTLOFF, SHIRLEY GOLDIE PULWER, and LAUREN SOTLOFF, request the Court take judicial notice of the fact, for purposes of Plaintiffs' *Ex Parte* Motion, that DLA Piper LLP US attorneys John M. Hillebrecht P(john.hillebrecht@dlapiper.com), Jessica A. Masella (jessica.masella@dlapiper.com), Kevin Walsh (kevin.walsh@dlapiper.com), and Michael George Lewis (michael.lewis@dlapiper.com)

are currently and actively defending Qatar Charity three EDNY lawsuits and that Ropes and Gray attorneys Michael G. McGovern (michael.mcgovern@ropesgray.com), Brittany Grace Norfleeet (brittany.norfleet@ropesgray.com), Douglass H Hallward-Driemeier (douglas.hallward-driemeier@ropesgray.com), and Mary Brust (mary.brust@ropesgray.com) are currently and actively defending Qatar Charity in the same three EDNY cases.

Respectfully submitted,

By: /s/*George A. Minski, Esq.*
George A. Minski, Esq.
FBN. 724726
**LAW OFFICES OF GEORGE A. MINSKI, P.A**.
*Co-Counsel for Plaintiffs*
2500 Hollywood Boulevard
Hollywood, FL 33020
Dade: 305-792-2200
Broward: 954-362-4214
Email: gminski@minskilaw.com
Primary email: dgomez@minskilaw.com