UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.: 22-CV-80726-DMM

ARTHUR BARRY SOTLOFF Individually and as the Administrator of the Estate of STEVEN JOEL SOTLOFF; SHIRLEY GOLDIE PULWER, and LAUREN SOTLOFF,
    Plaintiffs,

v.

QATAR CHARITY, a Foreign Non-Profit Organization and QATAR NATIONAL BANK (Q.P.S.C), a Foreign Multinational Commercial Bank
    Defendants.
_____/

## PLAINTIFFS' ADVISEMENT REGARDING SCHEDULING CONFERENCE

Plaintiffs, ARTHUR BARRY SOTLOFF Individually and as the Administrator of the Estate of STEVEN JOEL SOTLOFF, SHIRLEY GOLDIE PULWER, and LAUREN SOTLOFF, by and through undersigned counsel, file this Advisement regarding the Scheduling Conference, and state as follows:

### Introduction

On August 11, 2022, the Honorable Judge Donald M. Middlebrooks, entered an order setting trial dates and referring the matter to the Honorable Magistrate Judge William Matthewman to conduct, *inter alia*, a Scheduling Conference, pursuant to Local Rule 16.1.B. [DOC 11]. On August 15, 2022, Honorable Magistrate Judge William Matthewman issued a paperless order setting Scheduling Conference. [DE 12]. Plaintiffs wish to advise the Court, for the reasons set forth herein, that it is unlikely the Defendants will appear at the Scheduling Conference.

## **Status of the Cause**

1. Plaintiffs are suing Defendants for having caused violent acts of terrorism against their son and/or brother, Steven Sotloff, under 18 U.S.C. §§ 2333(d), 2339A and 2339B and the Justice Against Sponsors of Terrorism Act ("JASTA") § 2b.  Complaint [DOC1] at ¶¶ 237, 249, 251, 261, 264, 278, 280, and 290.

2. Plaintiffs, relatives of Steven Sotloff, are all citizens of the United States, and were injured by acts of international terrorism that arose from the Defendants' conspiracy to support ISIS and the efforts Defendants undertook to aid and abet that violence.  Complaint ¶¶24, 29-31 [DOC 1].

3. Plaintiffs allege that Defendants are members of a conspiracy that financed the notorious terrorist organization the Islamic State of Iraq and Syria ("ISIS") at the same time that ISIS was holding Steven Sotloff hostage and torturing him. ISIS would eventually behead Steven Sotloff on August 31, 2014, at the written direction of ISIS judge Fadhel al Salim ("al Salim"), a man to whom the members of this conspiracy paid $800,000 ten months earlier. This payment enabled al Salim to fund a militant brigade, join ISIS, and destabilize Syria by committing acts of terror, such as the murder of American hostages like Steven. Id. at ¶¶ 2 and 3.

4. Plaintiffs assert claims against Defendants for money damages under 18 U.S.C. §§ 2333(d), 2339A and 2339B and the Justice Against Sponsors of Terrorism Act ("JASTA") § 2b. Id. at ¶¶ 237, 249, 251, 261, 264, 278, 280, and 290.

5. Defendants Qatar National Bank and Qatar Charity are entities created under the laws of the State of Qatar that have their principal places of business in the State of Qatar.  Perles Decl. at ¶¶ 2, 4-6 and Complaint [DOC1] at ¶¶ 32-82.

6. Defendants are subject to personal jurisdiction in the United States pursuant to 18 U.S.C. § 2334(a), CPLR § 302, and Fed. R. Civ. P. 4(k)(1)-(2) because they transacted business and committed tortious acts within the United States by transferring funds through the United States for the benefit of terrorists organizations such as ISIS, purposefully availing themselves of United States jurisdiction. *Id*. at ¶¶ 23-27. Additionally, Defendants directed tortious conduct towards the United States in that they materially supported ISIS while that organization targeted and held American hostages. *Id*.

7. QNB, founded in 1964, was Qatar's first domestically owned commercial bank. As per QNB's website, QNB is a multinational banking organization. The Qatar Investment Authority, Qatar's state-owned sovereign wealth fund, owns a 50% interest in QNB. *Id.* at ¶¶ 32-39.

8. Qatar Charity is a non-profit organization founded in 2002 as the Qatar Charitable Society. *Id.* at ¶ 40.

9. As per USC Title 22 Foreign Relations, Chapter I Department of State, Sec 92.54, Letters Rogatory, through diplomatic channels, are mandated for formal service in all countries that are not parties to an international process treaty. Documents must be sent through diplomatic channels adhering to strict formal diplomatic protocol. According to the United States Department of State's publication "Preparation of Letters Rogatory," the "[e]xecution of letters rogatory may take a year or more."

10. In other litigation pending, in the Eastern district of New York, involving these same Defendants, effectuating service via Letter Rogatory took over two years' time from the filing of the complaint. Perles Decl. ¶10.

11. Service of process has not yet been accomplished in this matter.

12. On August 10, 2022, Plaintiffs filed their Ex Parte Motion for Order Authorizing Alternative Service of Process [DE 9], wherein Plaintiffs requested leave to serve Defendants via FedEx and email to their respective counsel of record in the other litigation currently pending in the United States District Court for the Eastern District of New York, in which both QNB and Qatar Charity are defendants and are represented by counsel and are actively defending.

13. The Court has yet to rule on Plaintiffs' Ex-Parte Motion [DE 9] and the Defendants have as yet to be served. As such Plaintiffs, through counsel, will attend the Scheduling Conference on August 22, 2022, it is unlikely that Defendants, through counsel or otherwise, will be attending.

14. The foregoing notwithstanding, Plaintiffs will be prepared to proceed with the trial date as currently ordered [DOC 11].

Respectfully submitted,

By: /s/*George A. Minski, Esq.*
George A. Minski, Esq.
FBN. 724726
**LAW OFFICES OF GEORGE A. MINSKI, P.A**.
*Co-Counsel for Plaintiffs*
2500 Hollywood Boulevard
Hollywood, FL 33020
Dade: 305-792-2200
Broward: 954-362-4214
Email: gminski@minskilaw.com
Primary email: dgomez@minskilaw.com