UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-80726-MIDDLEBROOKS/Matthewman

ARTHUR BARRY SOTLOFF, individually
and as the Administrator of the Estate of
STEVEN JOEL SOTLOFF; SHIRLEY
GOLDIE PULWER, and LAUREN SOTLOFF

    Plaintiff,
v.

QATAR CHARITY, a Foreign Non-Profit Organization,
and QATAR NATIONAL BANK (Q.P.S.C),
a Foreign Multinational Commercial Bank,

    Defendant.

_____/

## ORDER REGARDING PLAINTIFFS' *EX PARTE* MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF PROCESS

THIS CAUSE comes before the Court upon Plaintiffs' *Ex Parte* Motion for Order Authorizing Alternative Service of Process Upon the Foreign Defendants, filed on August 10, 2022. (DE 9). For the foregoing reasons, Plaintiffs' Motion is Unsealed and Defendants are ordered to file a response.

The Clerk of Court unnecessarily sealed Plaintiffs' Motion. Plaintiffs did not file a Motion to Seal pursuant Local Rule 5.4(b). Additionally, nothing in the Motion is any more sensitive than what Plaintiffs allege in their Complaint. (DE 1). Under Local Rule 5.4(a), "[u]nless otherwise provided . . . Court filings are matters of public record." As such, I am directing the Clerk of Court to unseal Plaintiffs' Motion at Docket Entry 9.

Plaintiffs' Motion requests that I authorize alternative service of process ("SOP") under Fed. R. Civ. P. 4(f)(3). The alternative SOP would be via "FedEx to [Defendant's] offices in Qatar

1

and via email to counsel located in New York City." (DE 9 at 2). Defendants' counsel is currently defending the same defendants in the Eastern District of New York. *Id.* Plaintiffs state that this form of SOP would be lawful because "there is no international agreement in place between the United States and Qatar regarding [SOP]." *Id.* at 7.

As far as I can tell, Plaintiffs already attempted to effectuate SOP as requested in their Motion. (DE 21 at 1; DE 37 at 1) (stating that Plaintiffs attempted service via DHL mailing sometime in September 2022). Defendants separately filed (DE 21; 37), and I granted (DE 25; DE 39), Motions for Extension of Time to Respond to the Complaint, wherein they represented their intention to file Motions to Dismiss contesting, *inter alia*, that SOP was proper.[1] *Id.* Rather than have the Parties litigate this issue I will moot it and have them brief Plaintiffs' still-pending Motion for Alternative Service upon Foreign Defendants. This is because clear, Eleventh Circuit precedent states that a district court may not retroactively approve alternative SOP under Rule 4(f)(3). *De Gazelle Group, Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 750-51 (11th Cir. 2016) ("plaintiffs 'must obtain *prior* court approval for the alternative method of serving process'"). Thus, Plaintiffs' apparent service of process via the alternative means identified in its Motion, without first having obtained an order authorizing such, was improper.

While I cannot *retroactively* authorize the alternative SOP, nothing indicates that I would not be able to grant the pending Motion if I determine that it has merit, and have Plaintiffs effectuate SOP again. Plaintiffs filed their Motion within a reasonable amount of time of initiating this action.[2] Thus, the fact that I have not ruled on the Motion yet cannot mean that Plaintiffs'

---

[1] Defendants' counsels entered appearances in this case while "contesting service of process as ineffective and noting a lack of personal jurisdiction . . . ." (DE 36 at 2).

ability to obtain the requested relief is foreclosed. Moreover, when Plaintiffs filed their Motion, Defendants' counsel had not made an appearance in this case. It was not until October 17, 2022, that several attorneys filed Motions to Appear *Pro Hac Vice* for the remaining unrepresented Defendant. (DE 32; DE 33; DE 34; DE 35; DE 36). On October 19, 2022, I granted the aforementioned motions. (DE 38).

In an effort to conserve this Court's and the Parties' resources, I will stay all upcoming deadlines pending resolution of Plaintiffs' Motion. This includes Defendants' deadline to respond to the Complaint. It would be unduly wasteful for the Parties to develop a record on other issues before I determine whether Defendants can even be properly served in the manner requested by Plaintiffs.

**ORDERED AND ADJUDGED** that:

(1) The Clerk of Court is **DIRECTED** to **UNSEAL** Plaintiffs' *Ex Parte* Motion for Order Authorizing Alternative Service of Process Upon the Foreign Defendants at Docket Entry 9.

(2) Defendants must file a Response to Plaintiffs' Motion (DE 9) on or by **November 11, 2022**.

---

[2] Plaintiffs filed their Complaint on May 13, 2022, and filed the instant Motion on August 10, 2022. (DE 1; DE 9). Fed. R. Civ. P. 4(m)'s 90-day deadline does not apply to service under Rule 4(f). Instead, district courts apply a due diligence standard. *See* 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1137 (4th ed. 2022); *see also Sale v. Jumbleberry Enterprises USA, Ltd.*, 20-20716-CIV, 2021 WL 1084573, at *3 (S.D. Fla. Mar. 22, 2021) (quashing service due to lack of diligence).

(3) Plaintiffs must file a Reply on or by **November 18, 2022**.

(4) The deadlines set forth in my prior Orders (DE 25; DE 39) are **STAYED**.

**SIGNED** at Chambers, in West Palm Beach, Florida, this 27th day of October, 2022.

Donald M. Middlebrooks
United States District Judge

cc:	Counsel of Record