# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 20-60075-CIV-ALTMAN/HUNT

MATTHEW SCHRIER,

      Plaintiff,

v.

QATAR ISLAMIC BANK,

      Defendant.

_____/

## ORDER

This matter is before this Court on Plaintiff's Motion for an Order Allowing Alternate Service ("Motion"). ECF No. 87. The Honorable Roy K. Altman referred the Motion to the undersigned. ECF. No. 93; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough and careful review of the record, the applicable law, the hearing held on March 6, 2021, and being otherwise fully advised in the premises, Plaintiff's Motion is GRANTED in part for the reasons set forth below.

## BACKGROUND

Matthew Schrier ("Plaintiff") brought this action against Qatar Islamic Bank ("Defendant") alleging that Defendant committed multiple violations under the Anti-Terrorism Act, 18 U.S.C. § 2333, as well as violations under state law. ECF No. 76. Defendant moved to dismiss the action on the grounds that the Court did not properly have jurisdiction because Plaintiff did not properly serve Defendant. ECF Nos. 17, 18. The District Court granted the motion, dismissed the complaint without prejudice, and ordered the Parties to conduct jurisdictional discovery. ECF No. 74.

Plaintiff then filed his Amended Complaint. ECF No. 76. The Clerk filed a Notice of International Services that certified that on October 8, 2020, the Amended Complaint had been mailed via International Service to Defendant in accordance with Federal Rules of Civil Procedure Rule 4. ECF No. 78. On November 20, 2020, the Clerk filed a notice that the Amended Complaint was returned as undeliverable. ECF No. 84. On December 4, 2020, Plaintiff filed the instant motion seeking an order from the Court allowing for alternate service. ECF No. 87. Defendant filed a response in opposition and Plaintiff filed a reply in support of his motion. The Court held a hearing on the Motion on March 6, 2021. ECF No. 96.

**DISCUSSION**

*Parties' Arguments*

Plaintiff contends that he properly served Defendant through the Clerk of Court and pursuant to Federal Rules of Civil Procedure Rule 4(f). However, Plaintiff alleges that Defendant claims that service was improper because FedEx did not require a signature, FedEx did not deliver the complaint with the summons attached, the individual who signed for the receipt is not Defendant's employee, and that Qatari law prohibits service in accordance with Rule 4(f). Plaintiff now moves this Court to allow him to perfect service via email on Defendant's local counsel pursuant to Rule 4(f)(3). Plaintiff argues that he does not need to attempt service by a letter rogatory prior to seeking the requested alternate service. Additionally, Plaintiff alleges that service by a letter rogatory could take a year or more and further delay this litigation.

Defendant responds that Plaintiff has not met his burden to obtain service by alternate means. Specifically, Defendant argues that its address is readily available,

2

Defendant is not evading service, and there is no urgency in the matter that would warrant alternate service. Next, Defendant argues that service through email is not permitted by Qatari law and that the Eleventh Circuit has not allowed service under 4(f)(3) by a method not allowed by a foreign country's law. Defendant then argues that service on a foreign corporation through counsel located within the United States has not been allowed, and that Defendant's counsel has not been designated to receive service on behalf of Defendant. Lastly, Defendant contends that allowing service to be effectuated on a foreign party's local counsel will discourage parties from hiring local counsel to contest jurisdiction if the local counsel can be used as a conduit to receive service.

      Plaintiff replies that he has met his burden for alternate service and that Defendant misrepresents the standards for alternate service and disregards Plaintiff's diligent efforts to serve. Plaintiff argues that Defendant has no basis to claim that the package did not include the summons because the Clerk's notice in the docket states that it was in accordance with the Federal Rules of Civil Procedure. Thus, there is no reason to suspect that the mail sent by the Clerk would not contain the summons as required by the Federal Rules. Next, Plaintiff argues that the package was sent to the address listed and was signed for by someone. However, even if it was not signed for, the Covid-19 pandemic has caused the restriction of signatures on packages. Plaintiff also argues that Rule 4(i) does not require proof of international service by affidavit or even a receipt signed by the addressee. Plaintiff also contends that the cases cited by Defendant where the courts denied alternate service are distinguishable from the instant case because the plaintiffs in the cases cited had a recourse through the Hague Convention. However, Plaintiff contends that Defendant's country, Qatar, is not a party to the Hague convention. Plaintiff

3

reiterates that service by a letter rogatory can take up to one year and further delay this litigation.  Plaintiff then argues that Defendant's argument that service by email is not allowed under Qatari law should not be considered because foreign law does not bind this Court and that this Court retains discretion to authorize service even if it may violate foreign law.

During the hearing on the Motion, both Parties presented arguments in support of their positions.  Plaintiff stated that the Department of State's website details that service through a letter rogatory could take a year or more.  Plaintiff also represented that even if a letter rogatory were properly delivered, it would still be up to the Qatari government whether to deliver the complaint and summons.  Plaintiff also stated that it had the email addresses of high-ranking employees of Defendant who could be served via email instead of Defendant's local counsel.  Defendant responded that Plaintiff's claim of delay caused by a letter rogatory is simply general suspicion.  Further, Defendant argued that Plaintiff had only attempted service through mail once.  Lastly, Defendant's counsel stated that service via email to Defendant's high-ranking employees may resolve one issue but not all the issues regarding service.

*Analysis*

Federal Rule of Civil Procedure 4(f)(3) provides for alternate methods of service of process, so long as they are "not prohibited by international agreement."  Fed. R. Civ. P 4(f)(3).  Courts have discretion to determine the appropriate means of service in a given case.  *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011). In exercising this discretion, the court must ensure that the alternative method of service of process comports with general due process requirements.  *Chanel, Inc. v.*

*Lin*, No. 08-23490-CIV, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009). This means that the alternative method of service must provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "Typically, courts in this District permit alternate service 'only where the defendant's foreign address is unknown; the defendant has successfully evaded service; failure to permit alternate service will result in unduly long delays in litigation; or where attempted Hague Convention service has failed.'" *Commodity Futures Trading Commission v. Fingerhut*, No. 20-21887-CIV-GAYLES, 2020 WL 4499198, at *2 (S.D. Fla. May 29, 2020) (quotation omitted). Service via email has been permitted as a proper means of alternate service of process. *Aliaga*, 272 F.R.D. at 619 (citing, inter alia, *Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *4 (S.D. Fla. Apr. 29, 2010)).

According to the U.S. Department of State's website, as well as viewing the signatories of both treaties, Qatar is not a signatory to either the Hague Service Convention or the Inter-American Convention on Letters Rogatory. In the past, when a foreign country is not a signatory to either convention, this Court has ordered service via email on local counsel and found that this did not violate any international agreement. *See Aliaga*, 272 F.R.D. at 619. However, the undersigned recognizes that *Prewitt Enterprises Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 927–28 (11th Cir. 2003), stands for the proposition that courts should try to minimize offenses to foreign law.

Defendant relies heavily on two cases in support of its opposition to alternate service. The undersigned will address both in turn. In *Fingerhut*, the court denied the plaintiff's motion to serve by email or through local counsel because plaintiff did not show that severe delay would result other than stating service through the convention could take months and Defendant's counsel only appeared to contest jurisdiction. 2020 WL 4499198, at *3.

In *International Designs Corp. v. Qingdao Sea Forest Hair Products Co.*, the court declined to grant alternate service based on the facts before it because the plaintiff did not even attempt to serve the defendant through China's Central Authority as contemplated by the Hague Convention, to which China is a signatory. No. 17-60431-CIV-MORENO, 2018 WL 2364297, at *4 (S.D. Fla. 2018) (stating that "[t]his Court is wary of circumventing the Hague Convention without Plaintiffs first attempting to comply with it").

Here, unlike *Fingerhut*, Plaintiff has done more than simply suggest that service through a letter rogatory could result in an unspecified period of delay. Taking into account the Department of State's representation that a letter rogatory could take at least a year, the fact that the world is currently being affected by the coronavirus pandemic, and that service to Defendant's proper address by the Clerk has been returned as undeliverable, the undersigned finds the facts of this case distinguishable from those in *Fingerhut*. Further, in contrast to the plaintiffs in *International Designs*, Plaintiff does not have a recourse through the Hague Convention and has attempted service twice prior to seeking relief from this Court. The undersigned finds the facts in this action to be more

akin to *Aliaga*, where the court allowed service via email upon a foreign party's local counsel.

Lastly, the undersigned does take into account Defendant's counsel's judicial policy argument that allowing service upon local counsel may deter foreign parties from hiring local counsel to contest jurisdiction. However, the undersigned notes that *Aliaga*, and the cases that followed, have not had this effect on foreign parties. The facts of a particular case will determine whether service via email on a foreign party's local counsel is a proper means of alternate service. However, to alleviate this concern, the undersigned orders that Plaintiff re-attempt service via mail or FedEx. Should this attempt return as undeliverable, then Plaintiff shall effectuate service via email on both Defendant's local counsel and the email accounts of the banking officials mentioned during the hearing.

## **CONCLUSION**

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion for an Order Allowing Alternate Service, ECF No. 87, is GRANTED in part as follows:

1. Plaintiff shall re-attempt service upon Defendant via FedEx. The signature requirement shall be excused in light of FedEx's pandemic restrictions.

2. Should that attempt return as undeliverable, Plaintiff shall notify opposing counsel and the Court.

3. Plaintiff shall then effectuate service via email on Defendant's counsel and the appropriate banking officials.

**DONE and ORDERED** at Fort Lauderdale, Florida this 11th day of March 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Roy K. Altman,
All Counsel of Record