**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**CASE NO.: 9:22-CV-80726 (DMM)**

ARTHUR BARRY SOTLOFF Individually and as the
Administrator of the Estate of STEVEN JOEL SOTLOFF;
SHIRLEY GOLDIE PULWER,  and LAUREN
SOTLOFF,

                                    Plaintiffs,

Vs.

QATAR CHARITY, a Foreign Non-Profit Organization
and QATAR NATIONAL BANK (Q.P.S.C), a Foreign
Multinational Commercial Bank

                                    Defendants.

_____/


**PLAINTIFFS' MOTION FOR EXPEDITED MEDIATION AND OTHER RELIEF**

Plaintiffs, ARTHUR BARRY SOTLOFF Individually and as the Administrator of the Estate of

STEVEN JOEL SOTLOFF, SHIRLEY GOLDIE PULWER and  LAUREN SOTLOFF, file this

Motion for Expedited Mediation and Other Relief and in support state as follows:

1.  This case arises from the gruesome beheading of Steven Sotloff ("Decedent Sotloff'), an

    American journalist reporting from Syria, by Islamic State of Iraq and Syria ("ISIS")

    members on August 31, 2014.

2.  Plaintiff are suing Defendants, for having committed violent acts of terrorism against

    Steven Sotloff, under 18 U.S.C. §§ 2333(d), 2339A and 2339B and the Justice Against

Sponsors of Terrorism Act ("JASTA") § 2b.  Complaint  at ¶¶ 237, 249, 251, 261, 264, 278, 280, and 290] [DOC 1].

3.   Plaintiffs, relatives of Steven Sotloff, are all citizens of the United States, and were injured by acts of international terrorism that arose from the Defendants' conspiracy to support ISIS and the efforts Defendants undertook to aid and abet that violence.  See *id*., ¶¶24, 29-31 [DOC  1]

4.   Plaintiffs allege that Defendants are members of a conspiracy that financed the notorious terrorist organization the Islamic State of Iraq and Syria ("ISIS") at the same time that ISIS was holding Steven Sotloff hostage and torturing him. ISIS would eventually behead Steven Sotloff on August 31, 2014, at the written direction of ISIS judge Fadhel al Salim ("al Salim"), a man to whom the members of this conspiracy paid $800,000 ten months earlier.

5.   On December 1, 2022, this Court entered its order [DE 47], granting Plaintiffs' Ex parte Motion for order Authorizing Alternative Service of Process [DE 9] and Plaintiffs' Request for Judicial Notice [DE 10].

6.   On December 2, 2022, the Court entered its Order [DE 48] Setting Briefing Schedule for Defendants' Motion(s) to Dismiss and on December 7, 2022, Magistrate Judge Matthewman, upon order [DE 49] of reference from the Honorable Donald M. Middlebrooks, entered a  Pretrial Scheduling Order and Order Referring Case to Mediation [DE 50].

7.   On December 9, 2022, Defendant Qatar National Bank filed its Amended Motion [DE 53] to Dismiss with Prejudice and Defendant Qatar Charity filed its Motion [DE 54] to Dismiss.

8.  On December 23, 2022, Plaintiffs filed their Response [ DE 56] to Defendant Qatar national Bank's Amended Motion [DE 53] to Dismiss with Prejudice and Defendant Qatar Charity's Motion [DE 54] to Dismiss.

9.  On January 9, 2023, Defendant Qatar National Bank file its Reply [DE 58] and Defendant Qatar Charity filed its Reply [DE 59] to Plaintiffs' Response [DE 56].

10. Magistrate Judge Matthewman's Pretrial Scheduling Order and Order Referring Case to Mediation [DE 50], states, in pertinent part, that the parties must complete mediation or a settlement conference at least 60 days before the scheduled trial date (the case is presently set for the two-week trial period commencing October 10, 2023, see [DE 49]).

11. Plaintiffs strongly believe that at this juncture of the proceeding, it is foreseeable that compelling the parties to conduct expedited mediation, while abating ruling on the Defendants' motions [DE 53 and 54] could result in saving time, resources and judicial labor.

12. Plaintiffs' counsel has contacted Defendants' counsel seeking their consent to expedite mediation and stay the proceedings pending the conclusion of mediation. Plaintiffs proposed Kenneth Feinberg, Esq. (Law Offices of Kenneth R. Feinberg, PC, The Willard Office Building, 1455 Pennsylvania Avenue, NW Suite 390, Washington, DC 20004) to serve as mediator.

13. Defendants collectively responded their preference for a local mediator and proposed John M. Barkett, Esq., (Shook, Hardy & Bacon L.L.P., Citi Group Center, 201 S. Biscayne Boulevard, Suite 3200, Miami, FL 33131) to serve as mediator; however, Defendants collectively opposed expedited mediation and/or a stay of proceedings.

14. Plaintiffs would accept Mr. Barkett in the role of mediator, and proffer that because mediation saves time and money, is confidential, has the potential to avoid needless litigation or narrow the issues, and, perhaps more importantly, allows the parties to fashion their own solution, this cause could greatly gain by the Court ordering the parties to attend mediation within 30 days, or as soon thereafter as the Mediator's schedule permits, and impose a stay on the proceeding pending the conclusion of the mediation.

## Memorandum of Law

15. The value of mediation has been widely recognized. Indeed, the "general policy of the law is to favor the settlement of litigation ...." *Schering-Plough Corp. v. FTC*, 402 F.3d 1056, 1072 (11th Cir. 2005); *Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir. 1985) (noting that "the law favors the voluntary settlement of civil suits"); *Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights*, 616 F.2d 1006, 1013 (7th Cir. 1980) ("The law generally favors and encourages settlements.").

16. Federal courts "have practiced numerous and varied types of pretrial settlement techniques for many years." *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 651 (7th Cir. 1989) (en banc). One of these is mediation. "Mediation with the assistance of a skilled facilitator gives parties an opportunity to explore a much wider range of options, including those that go beyond conventional zero-sum resolutions." *In Re Atlantic Pipe Corp.*, 304 F.3d 135, 145 (1st Cir. 2002).Pursuant to the policy favoring settlement, federal courts possess the inherent power to compel the parties to participate in the non-binding mediation of their dispute. See *Pieczenik v. Bayer Corp.*, 474 F. App'x 766, 773 (Fed. Cir. 2012); *In Re Atlantic Pipe Corp.*, 304 F.3d at 145. [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on

its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Deciding whether to stay a case "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55 (internal quotations and citations omitted).

17. Plaintiffs' acknowledge that as the movant it bears the burden of showing "good cause and reasonableness" for imposing a stay pending mediation. See *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

18. The benefits of staying the proceeding pending early mediation greatly outweigh any minor inconvenience. Mediation facilitates communication and negotiation between the parties by assisting them in reaching a voluntary agreement to resolve their disputes. Mediation's relative low costs renders it one of the most ubiquitous forms of dispute resolution.

19. It goes without saying that the fair and expeditious resolution of this case would save the parties, as well as the Court, time and effort, as mediation holds out the dual prospect of advantaging the litigants and conserving scarce judicial resources. It should be obvious to all that mediation plays a critical role in resolution of lawsuits by fostering settlement and preserving personal and judicial resources.

20. The potential advantage of early resolution clearly is as applicable to the Defendants as to the Plaintiffs, dispelling any possible negative consequence to the Defendants; participation in early mediation is not a waiver of any litigation position. Considering the stage of the proceeding mediation is a sound use of Court resources.

### Conclusion

For the foregoing reasons, Plaintiffs respectfully requests this Court grant the present motion, enter an order compelling the parties to mediate within 30 days, or as soon

thereafter as the Mediator's schedule permits, and staying all further action in the litigation until mediation is concluded.

By: /s/*George A. Minski, Esq.*
George A. Minski, Esq.
FBN. 724726
**LAW OFFICES OF GEORGE A. MINSKI, P.A**.
*Co-Counsel for Plaintiffs*
2500 Hollywood Boulevard
Hollywood, FL 33020
Dade: 305-792-2200
Broward: 954-362-4214
Email: gminski@minskilaw.com
Primary email: dgomez@minskilaw.com

**PERLES LAW FIRM PC**
Steven R. Perles, Esq.
Joshua K. Perles, Esq.,
816 Connecticut Ave. NW,
12th Floor
Washington  D.C.  20006
Tel. 202-955-9055
sperles@perleslaw.com
jperles@perleslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 24, 2023, a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record.

By: /s/*George A. Minski, Esq.*
George A. Minski, Esq.
FBN. 724726