# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH EDITION

| | |
|---|---|
| ARTHUR BARRY SOTLOFF Individually and as Administrator of the Estate of STEVEN JOEL SOTLOFF; SHIRLEY GOLDIE PULWER, and LAUREN SOTLOFF,<br><br>    Plaintiffs,<br><br>    v.<br><br>QATAR CHARITY, a Foreign Non-Profit Organization and QATAR NATIONAL BANK (Q.P.S.C.), a Foreign Multinational Commercial Bank,<br><br>    Defendants. | Case No. 9:22-cv-80726 (DMM) |

**DEFENDANT QATAR CHARITY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED MEDIATION AND OTHER RELIEF**

# **TABLE OF CONTENTS**

    Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...................................................................................................................................2

I.    The Court Cannot Compel Qatar Charity's Participation in Mediation if it Lacks Personal Jurisdiction Over the Charity. ............................................................................2

II.    Expedited Mediation Would Undermine This Court's Scheduling Authority and The Broader Purposes of The Federal Rules. ...................................................................4

CONCLUSION..................................................................................................................................5

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                        **Page(s)**

*Blueskygreenland Envtl. Sols., LLC v. Georgas.*
   2014 WL 12515259 (S.D. Fla. 2014) ...................................................................................2, 3

*Bouchard Transp. Co. v. Fla. Dept. of Envtl. Prot.*,
   91 F.3d 1445 (11th Cir. 1996) ...................................................................................................3

*CSX Transp., Inc. v. Apex Directional Drilling, LLC*,
   2014 WL 6473554 (D. Or. 2014) ...............................................................................................3

*Int'l Shoe v. Washington*,
   326 U.S. 310 (1945) ...................................................................................................................1

*Murray v. John Wood Cmty. Coll.*,
   2020 WL 4670927 (D.N.J. 2020) ..............................................................................................3

*Pederson v. GoJet Airlines, LLC*,
   2021 WL 981156 (D. Minn. 2021) ............................................................................................4

*Posner v. Essex Ins. Co., Ltd.*,
   178 F.3d 1209 (11th Cir. 1999) .................................................................................................2

*Rep. of Panama v. BCCI Holdings (Luxembourg) S.A.*,
   119 F.3d 935 (11th Cir. 1997) ...................................................................................................2

## Other Authorities

Fed. R. Civ. P. 1 ................................................................................................................................4

Fed. R. Civ. P. 16 ..............................................................................................................................4

Defendant Qatar Charity submits this brief in opposition to Plaintiffs' Motion for Expedited Mediation and Other Relief (the "Motion") (ECF No. 60), which should be denied in its entirety for the following reasons.

## PRELIMINARY STATEMENT[1]

Before a court can exercise power over a party, the U.S. Constitution requires that the party have certain minimum contacts with the forum in which the court sits. *See Int'l Shoe v. Washington*, 326 U.S. 310 (1945). Pending before this Court are compelling motions to dismiss for, *inter alia*, lack of personal jurisdiction. In apparent recognition of their strength, Plaintiffs now request that this Court disregard black letter principles of Constitutional Due Process and order that expedited mediation occurs before the Court decides these motions. This request is absurd. This Court is without authority to issue any order that binds the Defendants unless and until it first resolves the jurisdictional question and concludes—as it should not—that it has the power to bind these foreign defendants. Plaintiffs' request for a substantive mandate compelling the Defendants to mediate at this time asks this Court to put the cart before the horse.

Until the Court rules on the jurisdictional issue, it is premature to order mediation of this dispute. Any order directing the foreign defendants to participate in burdensome and expensive mediation when the Court has not yet ruled on the pending question of its jurisdictional authority would be counterproductive and wasteful.

---

[1] Qatar Charity maintains its challenge to the sufficiency of service and exercise of personal jurisdiction in this matter for the reasons set forth in its Memorandum of Law in Support of its Motion to Dismiss the Complaint (ECF No. 54 ("Motion to Dismiss")) and Reply Memorandum in Further Support thereof (ECF No. 59)). Any capitalized terms not defined herein have the meaning ascribed to them in the Motion to Dismiss.

1

**ARGUMENT**

I. **The Court Cannot Compel Qatar Charity's Participation in Mediation if it Lacks Personal Jurisdiction Over the Charity.**

Before it can compel Qatar Charity to participate in mediation, or take any other substantive action in this matter, the Court must resolve the pending challenge to its exercise of personal jurisdiction over the Charity. Without jurisdictional authority, simply and respectfully put, we submit that the Court lacks the authority to order mediation and that it would therefore be improper and imprudent for the Court to do so. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999) ("[a] court without personal jurisdiction is powerless to take further action"); *Rep. of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940-41 (11th Cir. 1997) (because a "defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings," the "general rule" is that the court should address the issue of person jurisdiction "as a preliminary matter" before reaching the substance).

We respectfully submit that this Court lacks personal jurisdiction over Qatar Charity for the reasons set forth in our Motion to Dismiss. Far from the "minor inconvenience" Plaintiffs suggest might result to Defendants were this court to compel their participation in expedited mediation (Motion at 5), to do so would violate the protections of Constitutional Due Process, as Qatar Charity—an entity located more than seven thousand miles away as to which the Complaint does not allege a single contact with the forum—would be directed to comply with the orders of a distant court with no authority over it. *See Rep. of Panama*, 119 F.3d at 944 ("due process protects individual liberty interests by protecting parties from the unreasonable demands of litigating in a faraway forum").

This self-evident logic was applied and recognized by Judge Daniel T. K. Hurley in *Blueskygreenland Environmental Solutions, LLC v. Georgas*. 2014 WL 12515259 (S.D. Fla.

2

2014). There, the court considered a motion by the plaintiff for clarification of an existing court order "requiring participation in mediation." 2014 WL 12515259 at *2. In granting the motion, the court ordered that all parties participate in mediation except for one defendant as to whom "a motion to dismiss for lack of personal jurisdiction [was] pending." 2014 WL 12515259, at *2. At the same time, the court reserved ruling on a motion by that defendant for relief from mediation "pending the court's determination of its motion to dismiss for lack of personal jurisdiction." 2014 WL 12515259, at *2. The same result must follow here. Qatar Charity's motion to dismiss must be decided before this Court can compel its participation in mediation—or take any other action as to the Charity.

As this Court is without personal jurisdiction over Qatar Charity (for the reasons set forth in the pending motions to dismiss), it should not compel the Charity's participation in expedited mediation. We acknowledge that, as a general proposition, the discretion to compel mediation falls within the Court's authority to supervise the litigation before it. *See Bouchard Transp. Co. v. Fla. Dept. of Envtl. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996). But that general proposition should find no purchase in this case, where the posture is fundamentally different. Pending before this Court are compelling motions arguing, based on clear precedent, that this Court simply has no authority at all over Qatar Charity. Thus, fundamental questions of this Court's authority over Qatar Charity remain outstanding, which should be resolved before the parties are ordered by this Court to engage in any form of alternative dispute resolution.² Plaintiffs' conclusory statements cannot establish otherwise. (*See* Motion at 5.)

---

² *See Murray v. John Wood Cmty. Coll.*, 2020 WL 4670927, at *5 n.5 (D.N.J. 2020) ("[l]acking jurisdiction, this Court will not compel mediation"); *CSX Transp., Inc. v. Apex Directional Drilling, LLC*, 2014 WL 6473554, at *6 (D. Or. 2014) (noting, on dismissal for lack of personal jurisdiction, that "[t]he parties are free and encouraged to participate in mediation if they choose,

3

## II.   Expedited Mediation Would Undermine This Court's Scheduling Authority and The Broader Purposes of The Federal Rules.

Compelling expedited mediation would undermine the mandate of the Federal Rules of Civil Procedure. Rule 1 of the Federal Rules of Civil Procedure provides that they "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Plaintiffs have not articulated any reason why they believe the requested mediation is likely to resolve the case in a fashion that would serve the purposes of Rule 1. To the contrary, an initial ruling by this Court on the pending motions to dismiss would further the goals of Rule 1 by, at a minimum, narrowing the scope of issues remaining—if not disposing of them entirely.

Rule 16 of the Federal Rules of Civil Procedure further provides that a case management and scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiffs have failed to demonstrate any good cause to modify this Court's scheduling order, which requires the parties to engage in either a settlement conference or mediation at least sixty days before the scheduled trial date (currently set to begin on October 10, 2023). On December 21, 2022, Plaintiffs proposed Kenneth Feinberg, Esq., to serve as mediator. Defendants proposed John M. Barkett, Esq., in response, but reiterated their collective opposition to expedited mediation or a stay of proceedings. Five days later, Plaintiffs, without responding to Defendants' proposal, filed the instant motion, noting that they "would accept Mr. Barkett in the role of mediator" were the Court to order expedited mediation and "impose a stay on the proceedings pending the conclusion of the mediation." (Motion at 4, ¶ 14). For the avoidance of

---

but this court, in its discretion, will not enter an order to do so"); *Pederson v. GoJet Airlines, LLC*, 2021 WL 981156, at *4 (D. Minn. 2021) ("[b]ecause the Court lacks personal jurisdiction over Defendants, it will not consider the merits of Defendants' Motion to Stay and Compel Arbitration and will deny this Motion as moot").

4

doubt, Defendants reject this proposal—which attempts to condition appointment of Mr. Barkett on the Defendants' relinquishment of their Constitutional Due Process protections.  To the contrary, Qatar Charity suggests that the appropriate course here is to stay all other deadlines pending a decision on the motions to dismiss.  Though Plaintiffs argue that the "fair and expeditious resolution of this case would save the parties, as well as the Court, time and effort" (Motion at 5) they do not, and cannot, suggest that compelling expedited mediation would lead to such a "fair and expeditious resolution."  This is especially true where Qatar Charity maintains—as it always has—that it is not subject to the jurisdiction of this Court.  Plaintiffs, in effect, request that the Court fashion an order which would presume jurisdiction exists (without deciding the pending motions to dismiss) such that Plaintiffs might proceed past the threshold jurisdictional question and engage in merits-based negotiations.  Qatar Charity rejects Plaintiffs' invitation to do so, as should this Court.

## **CONCLUSION**

For all the foregoing reasons, Qatar Charity respectfully requests that this Court deny Plaintiffs' Motion for Expedited Mediation and Other Relief.

Respectfully submitted,

Dated: February 7, 2023
       Miami, Florida

**DLA PIPER LLP (US)**

By:   /s/ *Harout J. Samra*
      Harout J. Samra
      Florida Bar No. 70523

200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131
Tel: 305.423.8534
Email: harout.samra@us.dlapiper.com

John M. Hillebrecht*
Kevin Walsh*
Jessica A. Masella*
Michael G. Lewis*
   *Pro Hac Vice*

1251 Avenue of the Americas, 27th Floor
New York, NY 10020
Tel: 212.335.4500
Email: john.hillebrecht@us.dlapiper.com
       kevin.walsh@us.dlapiper.com
       jessica.masella@us.dlapiper.com
       michael.lewis@us.dlapiper.com

*Counsel for Qatar Charity*