IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| ARTHUR BARRY SOTLOFF Individually and as the Administrator of the Estate of STEVEN JOEL SOTLOFF; SHIRLEY GOLDIE PULWER, and LAUREN SOTLOFF,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>QATAR CHARITY and QATAR NATIONAL BANK (Q.P.S.C.),<br><br>    *Defendants*. | Case No. 9:22-cv-80726 (DMM) (WDM) |

**QATAR NATIONAL BANK'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED MEDIATION AND OTHER RELIEF**

Defendant Qatar National Bank Q.P.S.C. ("QNB") submits this brief in opposition to Plaintiffs' Motion for Expedited Mediation and Other Relief (the "Motion") (ECF No. 60), which should be denied in its entirety for the following reasons.

**PRELIMINARY STATEMENT**

Plaintiffs ask the Court, for no reason whatsoever, to break with its established case management Order and direct "expedited" mediation, months earlier than would normally occur. Not only is there no reason to rush mediation here, there are very sound reasons *not* to do so, including especially because Defendants have raised serious questions about whether Plaintiffs even have the right to hale Defendants into court in this jurisdiction. There is no reason for Plaintiffs' request to "expedite" mediation other than their desire to impose unwarranted cost on Defendants in hopes of shaking loose some settlement offer. The Court should resist Plaintiffs' gambit.

Before a court can exercise power over a party, the U.S. Constitution requires that the party have certain minimum contacts with the forum in which the court sits. *Int'l Shoe v. Washington*, 326 U.S. 310 (1945). Pending before this Court are compelling motions to dismiss for lack of personal jurisdiction and failure to state a claim, filed by Defendants QNB and Qatar Charity.

Plaintiffs request that this Court expedite mediation, months earlier than normally scheduled and compel that the mediation take place before the Court even decides Defendants' motions to dismiss.  This Court should deny Plaintiffs' request.

QNB has filed a motion establishing that Plaintiffs' claims against QNB should be dismissed because, *inter alia*, this Court lacks personal jurisdiction over it:  Qatar National Bank is not alleged to have had *any* contacts with Florida *ever*, and the only allegation of even the slightest contact with the United States rests on Plaintiffs' pure speculation that fund transfers the Bank allegedly facilitated on behalf of co-defendant, Qatar Charity, "necessarily" passed through New York.  *See* QNB's Opening Brief (ECF No. 53) at 3-6; Compl. ¶ 125.  If the Court agrees that it lacks personal jurisdiction over QNB, then the litigation would end as to QNB, and there would be no need for mediation.  The Court should certainly not alter the normal rules simply in order to compel early mediation before ruling on QNB's motion.

Moreover, ordering mediation at this premature stage would be a waste of resources for Defendants and this Court and would be particularly unfair to Defendants.  Indeed, to do so would undermine the Federal Rules of Civil Procedure, which require this Court to ensure a resolution that is not only just, but also speedy and inexpensive.  Mediation would unnecessarily prolong this action at the expense of the parties.  QNB has already been forced by Plaintiffs to defend against wholly conclusory allegations in a foreign forum with which it has no contacts and towards which it has directed no conduct—much less any actions that can be said to have given rise to Plaintiffs' injuries.  The most efficient and fair approach to resolving the instant matter is to allow the Court to decide the threshold question of whether it can exercise personal jurisdiction over QNB.  In the current context, compelling mediation on an expedited schedule would not be productive. Defendants have already rejected Plaintiffs' invitation to voluntarily engage in mediation while this Court determines whether it has jurisdiction, precisely because QNB recognizes that it would be a waste of effort and resources at this time.

The Court's case management Order already establishes a time for mediation, much closer to when a trial would happen, which ensures the Court would have time to consider and rule upon threshold motions, such as Defendants' motion to dismiss for lack of jurisdiction.  The Court should follow that normal schedule, rather than rushing an early mediation before the Court's jurisdiction has even been determined.

**ARGUMENT**

I.     **IT IS PREMATURE FOR PLAINTIFFS TO ASK THE COURT TO COMPEL QNB'S PARTICIPATION IN EARLIER-THAN-NORMAL MEDIATION, WHILE THE COURT HAS STILL NOT DETERMINED THAT IT POSSESSES PERSONAL JURISDICTION OVER QNB.**

Before the Court can *exercise* jurisdiction over QNB, it must determine whether it *possesses* jurisdiction over it. "A court without personal jurisdiction is powerless to take further action." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). For good reasons, courts typically determine their jurisdiction over the defendants *before* taking any steps that could qualify as the exercise of such jurisdiction, as a defendant not subject to the court's jurisdiction is not bound by its decisions. *See Rep. of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 941 (11th Cir. 1997).[1] Far from a "minor inconvenience" (Pls.' Mot. at 5), compelling QNB's participation in expedited mediation in a locale thousands of miles away from its home, and when the Complaint does not allege a single contact with the forum, would raise serious questions of due process. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) ("[t]he Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations'") (citation omitted).[2]

---

[1] In Plaintiffs' Opposition to Defendants' Motions to Dismiss (the "Motion to Dismiss Opposition") (ECF No. 56) they request, for the first time, "limited jurisdictional discovery" should the Court "determine[ ] that more is required than what Plaintiffs have alleged." (ECF No. 56 at 17). As QNB set out in its reply brief (ECF No. 58 at 6), such request should be denied. Plaintiffs requested jurisdictional discovery over seven months after filing their Complaint, and that request, which was buried in their Opposition, did not explain what jurisdictional facts they seek to discover. It appears that the instant motion for expedited mediation is Plaintiffs' attempt to cure their failure. But Plaintiffs cannot cure their failure by forcing the Defendants to engage in premature mediation and delay this Court's ruling on the pending motions to dismiss.

[2] Compelling mediation falls within the Court's authority to supervise the litigation before it. *See Bouchard Transp. Co. v. Fla. Dep't of Env't Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996). But "[w]hile a district court's inherent powers may be exercised when necessary to manage the court's affairs, they may not be exercised with disregard to constitutional concerns." *Id*. at 1449. The posture of this case is such that ordering mediation before this Court satisfies itself that QNB is subject to the Court's jurisdiction would itself implicate QNB's constitutional due process rights. At the very least, there is no reason to alter the normal process to compel mediation earlier than normally called for.

*Blueskygreenland Environmental Solutions, LLC v. Georgas*, 2014 WL 12515259 (S.D. Fla. Feb. 25, 2014) is instructive.  In *Blueskygreenland*, the court ordered all parties to participate in mediation *except* for one defendant, as to whom "a motion to dismiss for lack of personal jurisdiction [was] pending."  *Id* at *2.  In addition, the court reserved ruling on that same defendant's motion for relief from mediation "pending the court's determination of its motion to dismiss for lack of personal jurisdiction."  *Id.*  This Court should do the same here.  QNB's jurisdictional arguments set forth in its motion to dismiss should be decided before this Court compels mediation—or takes any other action as to QNB.  *See Murray v. John Wood Cmty. Coll.*, 2020 WL 4670927, at *5 n.5 (D.N.J. Aug. 12, 2020) ("[l]acking jurisdiction, this Court will not compel mediation"); *Pederson v. GoJet Airlines, LLC*, 2021 WL 981156, at *4 (D. Minn. Mar. 16, 2021) ("[b]ecause the Court lacks personal jurisdiction over Defendants, it will not consider the merits of Defendants' Motion to Stay and Compel Arbitration and will deny this Motion as moot").

## II. THE FEDERAL RULES OF CIVIL PROCEDURE PROVIDE THIS COURT WITH DISCRETION TO RULE ON PERSONAL JURISDICTION BEFORE COMPELLING MEDIATION.

Aside from the practical reasons described above that support a denial of Plaintiffs' request for expedited mediation, the Federal Rules of Civil Procedure lead to the same result.  Fed. R. Civ. P. 1 provides that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  As described above, the most efficient path forward is for this Court to rule on QNB's challenge to this Court's jurisdiction before any other step is taken in this action.  Mediation will necessarily prolong this action and prove to be expensive for the parties and a waste of resources for this Court, whereas a ruling on the pending motions to dismiss would, at a minimum, allow this Court and the parties to focus on only the issues that remain.

Moreover, Fed. R. Civ. P. 12 contemplates that this Court will rule on threshold issues, such as the Defendants' motions to dismiss for lack of jurisdiction, prior to addressing the merits of any claim or otherwise issuing coercive orders.  *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  Plaintiffs have offered no explanation as to why the court should proceed in the opposite manner here.  While Plaintiffs recognize that "fair and expeditious resolution of this case would save the parties, as well as the Court, time and effort" (Pls.' Mot. at

4

5), they provide no explanation how compelling expedited mediation would lead to such a "fair and expeditious resolution."

This Court has already entered a scheduling order that implicitly anticipates resolution of threshold motions before mediation. The Court's order directs the parties to engage in either a settlement conference or mediation at least 60 days before the scheduled trial date, but trial is not set to commence until October 10, 2023, *see* ECF No. 50 ¶ 11(a), leaving ample time for the Court to resolve the threshold motions first, before any mediation would be undertaken. Plaintiffs offer no basis for asking the Court to modify its scheduling order.

## CONCLUSION

For all of the foregoing reasons, QNB respectfully requests that this Court deny Plaintiffs' Motion for Expedited Mediation and Other Relief.

Dated: February 7, 2023

Respectfully submitted,
/s/ Daniel Alvarez Sox

Edward M. Mullins
Florida Bar No. 863920
Daniel Alvarez Sox
Florida Bar No. 108573
**REED SMITH LLP**
200 South Biscayne Boulevard, 26th Floor
Miami, Florida 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299
emullins@reedsmith.com
dsox@reedsmith.com

Michael G. McGovern (*pro hac vice*)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
michael.mcgovern@ropesgray.com

Douglas Hallward-Driemeier (*pro hac vice*)
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
douglas.hallward-driemeier@ropesgray.com

*Counsel for Defendant Qatar National Bank (Q.P.S.C.)*

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 7, 2023, a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record.

*/s/ Daniel Alvarez Sox*
Daniel Alvarez Sox