UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.: 9:22-CV-80726 (DMM)

ARTHUR BARRY SOTLOFF Individually and as the
Administrator of the Estate of STEVEN JOEL SOTLOFF;
SHIRLEY GOLDIE PULWER, and LAUREN
SOTLOFF,

                      Plaintiffs,

Vs.

QATAR CHARITY, a Foreign Non-Profit Organization
and QATAR NATIONAL BANK (Q.P.S.C), a Foreign
Multinational Commercial Bank

                      Defendants.
_____/

## PLAINTIFFS' REBUTTAL TO QATAR CHARITY'S MEMORANDUM OF LAW [61] AND QATAR NATIONAL BANK'S MEMORANDUM OF LAW [62] IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED MEDIATION AND OTHER RELIEF[60]

Plaintiffs, ARTHUR BARRY SOTLOFF Individually and as the Administrator of the Estate of STEVEN JOEL SOTLOFF, SHIRLEY GOLDIE PULWER and LAUREN SOTLOFF, file this Rebuttal To Qatar Charity's Memorandum Of Law [ECF 61] And Qatar National Bank's Memorandum Of Law [ECF 62] In Opposition To Plaintiffs' Motion For Expedited Mediation And Other Relief [ECF 60] and state as follows:

1. By way of their Motion [ECF 60] Plaintiffs seek a means to resolve this matter in the most expeditious and effective manner possible, for all parties and the Court.

2. In response Defendants argued (each essentially applying the same reasoning) that:

    a. The Court should not compel Defendants to participate in expedited mediation until the Court determines the Defendants are subject to the jurisdiction of the Court; and

    b. Because the Court has issued a scheduling order, Plaintiffs' request for expedited mediation would undermine the Court's scheduling authority.

3. Neither of the grounds for denial set forth by the Defendants are persuasive. Moreover, Defendants do not contest that, as Plaintiffs' asserted in their motion, "[m]ediation with the assistance of a skilled facilitator gives parties an opportunity to explore a much wider range of options, including those that go beyond conventional zero-sum resolutions." *In Re Atlantic Pipe Corp.*, 304 F.3d 135, 145 (1st Cir. 2002). [ECF 60, at paragraph 16]

4. As to the first argument, Defendants cite no authority which holds that this Court lacks authority to order the parties into mediation while a motion to dismiss for lack of personal jurisdiction is pending. Defendants cite authority for the proposition that a court may not order a party into mediation or binding arbitration after it has definitively ruled that it lacks personal jurisdiction over that party, ECF 54 at 4 (citing *Murray v. John Wood Cmty. Coll.*, 2020 WL 4670927, at *5 n.5 (D.N.J. Aug. 12, 2020); *Pederson v. GoJet Airlines*, LLC, 2021 WL 981156, at *4 (D. Minn. Mar. 16, 2021)). Defendants likewise provide authority for the proposition that a court may not reach the merits of the case prior to finding personal jurisdiction over all parties, ECF 61 at 2 (citing *Rep. of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940-41 (11th Cir. 1997)), and—similarly—that a court must adjudicate a 12(b)(2) motion before a 12(b)(6) motion, *id*. (citing *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). Plaintiffs are not suggesting that the court rule on the merits of the case. Ordering the Defendants to participate in non-binding

mediation is no more invasive or burdensome than ordering them to participate in jurisdictional discovery, which this court is clearly empowered to due in advance of a final ruling on personal jurisdiction.

Defendants do provide an example in which, without explanation, a court declined to exercise its discretion to order a party into mediation during the pendency of a motion to dismiss. ECF 62 at 4 (citing *Blueskygreenland Environmental Solutions, LLC v. Georgas*, 2014 WL 12515259 (S.D. Fla. Feb. 25, 2014); ECF 61 at 2-3 (same). Without any reasoning provided by the *Blueskygreenland* court, there is no substance to distinguish, but Plaintiffs assert that here, given the complexity of the personal jurisdiction question before the court and the possibility of jurisdictional discovery should the court deem it necessary, providing the parties an opportunity to mediate might preserve substantial judicial resources.

5. Therefore, it stands to reason, as more fully set forth in Plaintiffs' Motion [ECF 60], that mediation affords the Parties a prudent method to control the time and costs that are inherent in protracted litigation, while relieving the Court from consuming resources (namely time) that the Court could devote to other matters.

6. While mediation does not guarantee a resolution, there is no harm in trying. The worst-case scenario is that the parties miss an opportunity to settle for lack of an attempt, leaving the Court to waste judicial resources better spent on irreconcilable disputes.

7. As to Defendants' second reason, ordering the Parties to attend mediation is an exercise of the Court's inherent authority to control its docket, not a threat to it.

8. As set forth in Plaintiffs' Motion [ECF 60], at pages 4-5, [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on

its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). It is axiomatic that Federal Courts have broad discretion to order the Parties to mediate, as an incident to its power to control its own docket, and generally, the appellate courts give considerable leeway to the trial courts to exercise its judgment in this regard.

9. Given that the "general policy of the law is to favor the settlement of litigation ...." *Schering-Plough Corp. v. FTC*, 402 F.3d 1056, 1072 (11th Cir. 2005); and public policy favors mediation in every state (see Uniformity in ADR: Thoughts on the Uniform Arbitration Act and Uniform Mediation Act, 3 PEPDRLJ 317, Iss. 3 (2003)), the court should grant Plaintiffs' motion, absent compelling reasons to eschew early mediation.

### Conclusion

For the foregoing reasons, Plaintiffs respectfully requests this Court overrule Defendants' objections and grant the Plaintiffs' Motion [ECF 60], by entering an order compelling the parties to mediate within 30 days, or as soon thereafter as the Mediator's schedule permits, and staying all further action in the litigation until mediation is concluded.

By: /s/*George A. Minski, Esq.*
George A. Minski, Esq.
FBN. 724726
**LAW OFFICES OF GEORGE A. MINSKI, P.A**.
*Co-Counsel for Plaintiffs*
2500 Hollywood Boulevard
Hollywood, FL 33020
Dade: 305-792-2200
Broward: 954-362-4214
Email: gminski@minskilaw.com
Primary email: dgomez@minskilaw.com

**PERLES LAW FIRM PC**
Steven R. Perles, Esq.
Joshua K. Perles, Esq.,

4

816 Connecticut Ave. NW,
12th Floor
Washington D.C. 20006
Tel. 202-955-9055
sperles@perleslaw.com
jperles@perleslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 14, 2023, a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record.

By: /s/*George A. Minski, Esq.*
George A. Minski, Esq.
FBN. 724726