**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH EDITION**

| | |
|---|---|
| ARTHUR BARRY SOTLOFF Individually and as Administrator of the Estate of STEVEN JOEL SOTLOFF; SHIRLEY GOLDIE PULWER, and LAUREN SOTLOFF,<br><br>    Plaintiffs,<br><br>    v.<br><br>QATAR CHARITY, a Foreign Non-Profit Organization and QATAR NATIONAL BANK (Q.P.S.C.), a Foreign Multinational Commercial Bank,<br><br>    Defendants. | Case No. 9:22-cv-80726 (DMM) |

**DEFENDANTS' JOINT MOTION TO STAY PRETRIAL**
**PROCEEDINGS PENDING DETERMINATION OF MOTIONS TO DISMISS**

Defendants Qatar Charity and Qatar National Bank (Q.P.S.C.) ("QNB" and, together with Qatar Charity, "Defendants"), move for the entry of an order, pursuant to the Court's inherent authority, staying all remaining deadlines set forth in the Pretrial Scheduling Order dated December 7, 2022 (D.E. 50) (the "Pretrial Order"), until after this Court's ruling on Defendants' pending motions to dismiss the Complaint for lack of personal jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6) (D.E. 53, 54). Defendants respectfully request a stay of discovery until those motions to dismiss are resolved and, in the event the motions are denied, that the schedule in the Pretrial Order be reset to begin running 30 days after the Court's order denying the motions to dismiss.

## MEMORANDUM OF LAW

### I.      INTRODUCTION

As set forth in Defendants' motions to dismiss (D.E. 53, 54), Plaintiffs' Complaint should be dismissed for a number of reasons, including this Court's lack of personal jurisdiction over Defendants and Plaintiffs' failure to state a claim.  A stay pending resolution of these motions is especially warranted when, as here, Plaintiffs have sued foreign Defendants with absolutely no in-forum contacts, an intervening Supreme Court decision forecloses Plaintiffs' cause of action, and Plaintiffs themselves have undertaken no steps to prosecute this action.  In these circumstances, Defendants should not be put to the burden of undertaking expensive trial preparations before the Court has ruled on their dispositive motions.

Plaintiffs have failed to identify any in-forum activity that might suffice to subject foreign Defendants QNB and Qatar Charity to the jurisdiction of this Court.  Indeed, the only U.S.-directed contact Plaintiffs allege with the requisite non-conclusory level of specificity that this Court can credit for the purposes of evaluating whether it has jurisdiction over Defendants was allegedly directed at New York, and not Florida.  Remarkably, Plaintiffs ask this Court to assert jurisdiction over the wholly foreign Defendants without alleging *any* conduct by *any* defendant in this District.  (*See*, *e.g.*, D.E. 53 at 3-6; D.E. 54 at 7-11 (both arguing that Plaintiffs fail even to allege conduct by either Defendant in or directed at Florida); *cf*. D.E. 59 at 1 ("there is no allegation of any kind of any conduct (tortious or not) by either defendant in Florida")).[1] As a result, there are no in-forum contacts, much less sufficient specific U.S.–directed allegations, to establish jurisdiction over the foreign Defendants in these proceedings, and

---

[1] Even the allegations focused on New York (not Florida) are woefully insufficient as to jurisdiction in New York.  *See*, *e.g.*, *Przewozman v. Qatar Charity, et al.*, 2023 WL 2562537, at *7-18 (E.D.N.Y. Mar. 17, 2023) (dismissing similar complaint against QNB and Qatar Charity for lack of personal jurisdiction); D.E. 65.

exercising jurisdiction over them would violate constitutional due process.  Furthermore, both their primary and secondary liability claims under the Anti-Terrorism Act, 18 U.S.C.§ 2333 (the "ATA") are insufficiently pleaded, as the United States Supreme Court recently confirmed in another suit filed under the same provisions.  *See Twitter, Inc. v. Taamneh*, 2023 WL 3511531 (May 18, 2023).   The strength of Defendants' jurisdictional and substantive arguments warrants a stay of discovery pending resolution of their dispositive motions.

## II.    BACKGROUND

The Pretrial Order set forth a number of discovery deadlines and otherwise set a pre-trial schedule.  For example, per the Pretrial Order, Plaintiffs were to provide a discovery plan by January 6, 2023, and a list of their intended experts, along with any expert reports, by May 5, 2023.  (D.E. 50 at 5).  Plaintiffs did not provide any such plan, nor did they provide any such list or reports.  Defendants' first substantive deadline, the corresponding disclosure of expert witnesses for the defense and any expert reports, on June 2 is fast approaching.  (D.E. 50 at 5). That deadline is impossible to meet given that Plaintiffs have provided no expert reports to which Defendants can respond.  For the reasons set forth below, Defendants respectfully submit that it is inappropriate to proceed with the previously ordered discovery schedule while the Court considers the fully briefed motions to dismiss – which are premised largely on the argument that the Court lacks the power to exercise jurisdiction over these foreign Defendants.

## III.    ARGUMENT

### A.  This Court Has the Inherent Authority to Stay These Proceedings While the Motion to Dismiss Is Pending

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  This discretion furthers the Court's interest in conserving judicial resources.  *Velarde v. HSBC Private Bank Int'l*, 2013 WL

3

5534305, at *7 (S.D. Fla. Oct. 7, 2013) (citations omitted); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) (Court's authority to stay discovery pending resolution of a dispositive motion allows it to avoid "unnecessary costs to the litigants and to the court systems"). Such a stay is appropriate particularly when there are preliminary questions that may entirely dispose of the pending matter. *See, e.g., Latell v. Triano*, 2014 WL 5822663, at *2 (M.D. Fla. Feb. 28, 2014) ("Because there are pending motions challenging personal jurisdiction, standing, and the legal sufficiency of the amended complaint, the Court will stay discovery for a period of 90 days. Delaying discovery until the Court rules on whether it has jurisdiction and Plaintiff has stated a viable cause of action will cause Plaintiff little harm."); *Hesterly v. Royal Caribbean Cruises, Ltd.*, 2008 WL 516495, at *1 (S.D. Fla. Feb. 25, 2008) (staying proceedings pending resolution of jurisdictional challenges and jurisdictional discovery).

To prevail on such a motion to stay, the moving party "must show 'good cause and reasonableness.'" *McCullough v. Royal Caribbean Cruises, Ltd.*, 2017 WL 6372619, at *1 (S.D. Fla. Jan. 11, 2017). The Court, on the other hand, "'must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and *entirely* eliminate the need for such discovery.'" *McCullough*, 2017 WL 6372619, at *1 (emphasis in original).

## B. The Court Should Stay Proceedings Pending Determination of Whether Personal Jurisdiction Exists

In this case, where there is a strong argument that the Court does not have jurisdiction over the foreign Defendants, the Court should stay the proceedings pending a ruling on that argument. As set forth in the motions to dismiss, the Court lacks personal jurisdiction over Defendants on Plaintiffs' alleged theories of jurisdiction based on either the Florida or federal long-arm statutes. Not only do Plaintiffs' allegations fail to satisfy the statutory requirements of

either, but also the lack of contacts between Defendants and the forum ensures that Plaintiffs cannot meet constitutional due process requirements.

Allowing discovery to proceed when the claims against Defendants may be dismissed in their entirety for lack of jurisdiction would result in an unnecessary expenditure of judicial resources, while imposing quite substantial (and, in Defendants' view, likely ultimately improper) costs and burdens.  *See, e.g.*, *Gillier v. Servicios Agecom*, 2017 WL 6994217, at *2 (S.D. Fla. Nov. 27, 2017) (staying discovery pending ruling on motion to dismiss for lack of personal jurisdiction and improper venue); *Gibson v. NCL (Bah.) Ltd.*, 2012 WL 1952670, at *4 (S.D. Fla. May 30, 2012) (staying discovery pending ruling on jurisdictional motion to dismiss); *Latell*, 2014 WL 5822663, at *2 (staying proceedings for 90 days pending ruling on jurisdiction and legal sufficiency "will cause Plaintiff little harm").  Notably, Plaintiffs did not seek discovery on personal jurisdiction, and it is too late now given that they failed to file a motion seeking such discovery before responding to the jurisdictional motion.  *Hinkle v. Cirrus Design Corp.*, 775 F. App'x 545 (11th Cir. 2019) (affirming trial court's denial for jurisdictional discovery when no separate motion was filed).

**C.  The Court Should Stay Proceedings Pending Determination of the Challenge as to the Legal Sufficiency of Plaintiffs' Claims**

As facial challenges to the legal sufficiency of a claim present "purely legal" questions such that discovery is not required to resolve them, a stay is especially proper when there are such challenges pending.  *Chudasama*, 123 F.3d at 1367-69 (trial court abused its discretion when it allowed a case to proceed to discovery with a motion to dismiss pending); *see also Roberts v. FNB S.*, 716 F. App'x 854, 857 (11th Cir. 2017) (trial court "properly stayed discovery pending a ruling on the legal sufficiency of [plaintiff]'s complaint because there was no need for discovery before the court rule[d] on the motion").  Here, Defendants have moved to

dismiss this matter under, *inter alia*, Federal Rule of Civil Procedure 12(b)(6), arguing that: (i) Plaintiffs have failed to plausibly allege a claim for primary liability under Section 2333(a) of the ATA; and (ii) Plaintiffs have failed to plausibly allege a claim for secondary liability under Section 2333(d) of the ATA. (*See* D.E. 53 at 19-22; D.E. 54 at 16-25).

As previously noticed in a supplemental filing, during the pendency of Defendants' motions to dismiss, the U.S. Supreme Court issued its decision in *Twitter, Inc. v. Taamneh*, 2023 WL 3511531 (May 18, 2023) (*see* D.E. 68), which is dispositive of Plaintiffs' claims under the ATA. That decision considered claims by plaintiffs that Twitter aided and abetted a 2017 terrorist attack in Turkey because it allegedly knew that ISIS used the platform "to recruit new terrorists and raise funds for terrorism . . . but failed to stop [ISIS] from doing so." *Taamneh*, 2023 WL 3511531, at *5. The Supreme Court held that the plaintiffs failed to state a claim for aiding and abetting liability under JASTA – stating that they "point[ed] to no act of encouraging, soliciting, or advising the commission of the [] attack that would normally support an aiding and abetting claim." *Twitter*, 2023 WL 3511531, at *15. The Court also pointed to the "lack of any concrete nexus" between Twitter and the attack as a slippery slope to liability for "having aided and abetted each and every ISIS terrorist act committed anywhere in the world." *Twitter*, 2023 WL 3511531, at *16. The decision puts an important limitation on claims for aiding and abetting under the ATA that are not "the type of pervasive, systemic, and culpable assistance to a series of terrorist activities that could be described as aiding and abetting each terrorist act." *Twitter*, 2023 WL 3511531, at *16.

Plaintiffs' claims against Qatar Charity and QNB, based as they are on extraterritorial and remarkably attenuated allegations, cannot reasonably be said to rise to the requisite level needed to show either primary or secondary liability under the ATA. *Twitter* confirms that their claims

are fatally deficient as a matter of law.  Plaintiffs have not plausibly alleged that Defendants'

"aided and abetted ISIS in carrying out," or "gave such knowing and substantial assistance to

ISIS that they culpably participated in," the murder of Mr. Sotloff.  *Twitter*, 2023 WL 3511531,

at *13.

### D.  There is No Harm to Plaintiffs, as Demonstrated by Their Failure to Meet Their Own Discovery Deadlines

As the parties who initiated this litigation, Plaintiffs properly have had the initial burdens

with respect to discovery.  Under the Court's Pretrial Order, Plaintiffs were to provide a

discovery plan by January 6, 2023, and a list of their intended experts, along with any expert

reports, by May 5, 2023.  (D.E. 50 at 5).  They provided Defendants with no such plan, nor any

such list or reports.  Defendants' first substantive deadline, the corresponding disclosure of

expert witnesses for the defense and any expert reports, on June 2 is fast approaching.  (D.E. 50

at 5).  Plaintiffs' own failure to meet the Court's discovery deadlines, without seeking leave of

the Court for an extension, confirms that Plaintiffs will not suffer any harm if Defendants' first

substantive discovery deadline, and all other discovery deadlines, are stayed pending the Court's

resolution of Defendants' dispositive motions.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request a stay of discovery and that all

remaining deadlines set forth in the Pretrial Order be adjusted based on the first stayed deadline

(Defendants' deadline to disclose expert witnesses) and reset to run 30 days after the Court's

order on the Motions to Dismiss (assuming they are not granted).

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1</u>

Counsel for Defendants Qatar Charity and Qatar National Bank (Q.P.S.C.) have conferred with Plaintiffs' counsel regarding this Motion.  Plaintiffs' counsel was not able to provide a position on the relief requested prior to filing.  Should Plaintiffs' counsel, upon review of the Motion, provide a position, this certificate will be updated.

Respectfully submitted,

Dated: May 26, 2023
      Miami, Florida

By: */s/ Harout J. Samra*
    Harout J. Samra

**DLA PIPER LLP (US)**
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131
Tel:  305.423.8534
Email:  harout.samra@dlapiper.com

John M. Hillebrecht*
Kevin Walsh*
Jessica A. Masella*
Michael G. Lewis*
   *Pro Hac Vice*

1251 Avenue of the Americas, 27th Floor
New York, NY 10020
Tel:  212.335.4500
Email:  john.hillebrecht@us.dlapiper.com
       kevin.walsh@us.dlapiper.com
       jessica.masella@us.dlapiper.com
       michael.lewis@us.dlapiper.com

*Counsel for Qatar Charity*

By: */s/ Edward M. Mullins*
    Edward M. Mullins

**REED SMITH LLP**
200 South Biscayne Boulevard, 26th Floor
Miami, Florida 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299
emullins@reedsmith.com

Michael G. McGovern (*pro hac vice*)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
michael.mcgovern@ropesgray.com

Douglas Hallward-Driemeier (*pro hac vice*)
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
douglas.hallward-driemeier@ropesgray.com

*Counsel for Qatar National Bank (Q.P.S.C.)*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 26, 2023, a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record.

By:   <u>*/s/ Harout J. Samra*</u>
Harout J. Samra
Florida Bar No. 70523
