IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH EDITION

| | |
|---|---|
| ARTHUR BARRY SOTLOFF Individually and as Administrator of the Estate of STEVEN JOEL SOTLOFF; SHIRLEY GOLDIE PULWER, and LAUREN SOTLOFF,<br><br>Plaintiffs,<br><br>v.<br><br>QATAR CHARITY, a Foreign Non-Profit Organization and QATAR NATIONAL BANK (Q.P.S.C.), a Foreign Multinational Commercial Bank,<br><br>Defendants. | Case No. 9:22-cv-80726 (DMM) (WDM) |

## JOINT PROPOSED PRETRIAL SCHEDULE AND TRIAL DATE

Pursuant to the Court's May 31, 2023 order, ECF No. 72, the parties respectfully submit the following Joint Proposed Pre-Trial Schedule and Trial Date.

The following Joint Proposed Pre-Trial Schedule and Trial Date closely tracks the existing pretrial scheduling order in terms of the number of days allotted for each deadline relative to the trial date, ECF No. 50, but is based on a September 5, 2024 trial date, as opposed to the October 4, 2023 trial date contemplated by the existing order. Though the Court stated that it is "inclined to set a trial date in or around February 2024," ECF No. 72, while conferring regarding the Pre-Trial Schedule, all concerned recognized that this matter implicates complex discovery issues which render a February 2024 trial date a virtual impossibility. The Parties ask the Court to be cognizant that this case involves witnesses scattered throughout the globe, whose testimony will require efforts beyond the typical. Discovery will involve extensive logistical arrangements,

including international travel arrangements, security, obtaining necessary visas, and coordinating schedules.  Further, Plaintiffs anticipate that many witnesses from whom they will seek discovery will insist upon the implementation of safety protocols to ensure their security and safeguard against disclosure of their identity, to protect the witnesses and their families against reprisals and other threats.

Complicated discovery issues that involve witnesses outside this jurisdiction, as well as document and deposition requests involving international institutions and high-profile individuals, necessitate a later trial date.

Serving document requests on entities outside the jurisdiction involves navigating different legal systems, language barriers, and potential objections or disputes. Allowing sufficient time for international legal processes, including diplomatic channels and potential objections, helps ensure a fair and comprehensive exchange of information.

For the foregoing reasons the Parties believe additional time beyond February 2024 is necessary to ensure a fair and thorough trial.[1]

Furthermore, QNB has informed Plaintiffs' counsel that QNB is considering a motion seeking (1) certification for interlocutory appeal, under 28 U.S.C. § 1292(b), of the Court's May 30, 2023 Order denying Defendants' Motions to Dismiss (the "Order") [D.E. 70], and (2) a stay of proceedings in this matter (a) pending resolution of the interlocutory appeal to be requested in QNB's forthcoming motion, or, should the Court decline to certify the Order for appeal, (b) pending the Eleventh Circuit's resolution of the appeal in *Schrier v. Qatar Islamic Bank*, No. 22-13513-AA.  QNB's request to stay proceedings also will seek a stay of all trial and pre-trial

---

[1] Co-Counsel for Defendant Qatar National Bank, Edward M. Mullins, already has two trials and an arbitration scheduled for February and March 2024, and, as a result, would need reprieve from the Court's observed February 2024 date.

deadlines. In response to QNB's declared intent, Plaintiffs request that the Court impose a short window of time for QNB to file its motion, which motion certainly should be filed before the parties are required to file their Rule 26 initial disclosures.

Given the foregoing, Plaintiffs, QNB and Qatar Charity join in proposing the below schedule in the event the Court denies QNB's request for a stay, should QNB decide to seek same.

Counsel for QNB and Plaintiffs discussed QNB's request for certain initial disclosures under the Federal Rule of Civil Procedure 26 and ask the Court to set the date for the Answer to the Complaint to 14 days after such initial disclosures are made.

| February 23, 2024 | Plaintiff(s) shall provide opposing counsel with a written list with the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. Plaintiff(s) shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2). Within the 30-day period following this disclosure, Plaintiff(s) shall make their experts available for deposition by Defendant(s). The experts' deposition may be conducted without further Court order. |
| --- | --- |
| March 22, 2024 | Defendant(s) shall provide opposing counsel with a written list with the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. Defendant(s) shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2). Within the 30-day period following this disclosure, Defendant(s) shall make its experts available for deposition by Plaintiff(s). The experts' deposition may be conducted without further Court order. |
| June 3, 2024 | Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial |

- 4 -

| | |
|---|---|
| | and only those witnesses listed shall be permitted to testify. |
| June 21, 2024 | All discovery shall be completed. |
| July 26, 2024 | All Pretrial Motions, including summary judgment motions and Daubert motions, and motions *in limine* shall be filed. |
| August 12, 2024 | Joint Pretrial Stipulation shall be filed. Designations of deposition testimony shall be made. |
| August 26, 2024 | Objections to designations of deposition testimony shall be filed. |
| September 5, 2024 | Trial |

Respectfully submitted,

Dated: June 6, 2023

| By:   s/Daniel Alvarez Sox | By:   s/Harout Samra | By: s/George A. Minski, Esq. |
|---|---|---|
| Edward M. Mullins<br>Florida Bar No. 863920<br>emullins@reedsmith.com<br>Daniel A. Sox.<br>Florida Bar No. 108573<br>dsox@reedsmith.com<br>REED SMITH LLP<br>200 S. Biscayne Blvd.,<br>Suite 2600<br>Miami, FL 33131<br>Telephone: (786) 747-0200<br>Facsimile: (786) 747-0299 | DLA PIPER LLP (US)<br>200 S. Biscayne Blvd.,<br>Suite 2500<br>Miami, FL 33131<br>Tel: 305.423.8534 | Law Offices of George A. Minski, P.A.<br>2500 Hollywood Boulevard<br>Suite 214<br>Hollywood, FL, 33020<br>Telephone: 305-792-2200<br>Facsimile: 786-479-6900<br>Email: gminski@minskilaw.com |
| *Counsel for Qatar National Bank* | *Counsel for Qatar Charity* | *Counsel for Plaintiffs* |