UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-80726-MIDDLEBROOKS/Matthewman

ARTHUR BARRY SOTLOFF, individually
and as the Administrator of the Estate of
STEVEN JOEL SOTLOFF; SHIRLEY
GOLDIE PULWER, and LAUREN SOTLOFF

    Plaintiff,

v.

QATAR CHARITY, a Foreign Non-Profit Organization,
and QATAR NATIONAL BANK (Q.P.S.C),
a Foreign Multinational Commercial Bank,

    Defendant.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL AND STAY

THIS CAUSE comes before the Court upon Defendants' Motion for Certification for Interlocutory Appeal under 28 U.S.C. § 1292(b) of this Court's May 30, 2023 Order Denying Defendants' Motions to Dismiss (DE 70) and Motion to Stay, filed on June 9 2023. (DE 82). Plaintiffs oppose the Motion. (*Id.* at 14).[1] For the following reasons, the Motion is denied.

On May 30, 2023, I denied Defendants' Motions to Dismiss for, *inter alia*, lack of personal jurisdiction. (DE 70) (hereinafter "May 30 Order"). In doing so, I disagreed with the majority of district courts on the application of conspiracy jurisdiction under Fed. R. Civ. P. 4(k)(2). I held that conspiracy jurisdiction is appropriate under Rule 4(k)(2) and that Plaintiffs met their burden of establishing it here. One of the district courts with which I disagreed was Judge Altman's Order in *Schrier v. Qatar Islamic Bank*, 20-60075-CIV, 2022 WL 4598630 (S.D. Fla. Sept. 30, 2022),

---

[1] Given that Plaintiffs oppose the Motion in its entirety, and I find the Motion to be a straight-forward denial, I am prepared to rule on the Motion without a response.

which is now before the Eleventh Circuit. Defendants now seek a certification of the May 30 Order for interlocutory appeal, or in the alternative, to stay this case pending the Eleventh Circuit's decision in *Schrier*. If granted a certification, Defendants also seek a stay pending the interlocutory appeal.

Appellate review is generally postponed until after the entry of final judgment. There are four statutory criteria for the grant of a petition for interlocutory appeal under 28 U.S.C. § 1292(b): (1) there must be a question of law; (2) it must be controlling; (3) it must be contestable; and (4) its resolution may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). Unless all criteria are satisfied, the district court may not certify its order for an immediate appeal under § 1292(b). Certification is reserved for truly exceptional cases. *Judicial Watch v. Nat'l Energy Policy Dev.*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002). "A party seeking certification pursuant to § 1292(b) must meet a high standard to overcome the 'strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals.'" *Id.* (citing *United States v. Nixon*, 418 U.S. 683, 94 (1974)).

According to the Eleventh Circuit,

> The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case. In determining whether to grant review, we should ask if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed. The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law. And the answer to that question must substantially reduce the amount of litigation left in the case.

*McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) (internal citations omitted).

Here, whether conspiracy jurisdiction is appropriate under Rule 4(k)(2) is not a controlling question of law that would materially advance the ultimate termination of the litigation. In the May 30 Order, I explained that:

> QNB "touches" the United States in three ways, all of which demonstrate a "strong relationship" among QNB, the forum, and the litigation. Those contacts are: (1) its use of a correspondent banking account in New York to complete QC's wire transfer to al Salim; (2) the execution of Sotloff; and (3) the publication of the execution video in the United States. The second and third contacts are attributed to QNB under a conspiracy theory of personal jurisdiction **or the Effects Test.**

(DE 70 at 37) (emphasis added). Similarly, for Qatar Charity, I explained that: "QC's contacts are, much like QNB, the causing of pain and sowing of terror aimed at the United States by first, Sotloff's execution and second, publication of the video. *Both* contacts are equally attributable to QC under conspiracy jurisdiction **or the Effects Test**." (*Id.* at 52) (footnote omitted and bolded emphasis added). Thus, even if the Eleventh Circuit held that conspiracy jurisdiction is not appropriate under Rule 4(k)(2), this Court would still be able to exercise personal jurisdiction over Defendants under the Effects Test.

Defendants focus in on two sentences in the May 30 Order to argue otherwise. (*See* DE 82 at 7). In discussing QNB's correspondent banking transaction, I explained that "the question is not whether a single correspondent bank transaction establishes purposeful availment. The question is whether QNB's decision to use a correspondent bank *and* participate in a conspiracy that was aimed at and touched the United States, is enough to establish purposeful availment." (DE 70 at 45). To the extent the latter two sentences create any confusion, I clarify now that the May 30 Order does not fall or rise on conspiracy jurisdiction—the Effects Test is an independent basis for personal jurisdiction.

3

The Court's application of the Effects Test fails to meet the standard for interlocutory appeal because that is not a pure question of law removed from the facts of this case. *McFarlin*, 381 F.3d at 1259.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Certification for Interlocutory Appeal and Stay (DE 82) is **DENIED**.

**SIGNED** at Chambers, in West Palm Beach, Florida, this ___ day of June, 2023.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record