UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.: 9:22-CV-80726 (DMM)

ARTHUR BARRY SOTLOFF Individually and as the
Administrator of the Estate of STEVEN JOEL SOTLOFF;
SHIRLEY GOLDIE PULWER, and LAUREN
SOTLOFF,

                              Plaintiffs,

Vs.

QATAR CHARITY, a Foreign Non-Profit Organization
and QATAR NATIONAL BANK (Q.P.S.C), a Foreign
Multinational Commercial Bank

                              Defendants.
_____/

## PLAINTIFFS' MOTION FOR ENTRY OF CONFIDENTIALITY ORDER

Plaintiffs, ARTHUR BARRY SOTLOFF Individually and as the Administrator of the Estate of STEVEN JOEL SOTLOFF, SHIRLEY GOLDIE PULWER and LAUREN SOTLOFF, file this Motion for Entry of Confidentiality Order, pursuant to the Honorable Magistrate Judge William Matthewman's Paperless Order [DE 80], and state as follows:

1. On June 8, 2023, the Honorable Magistrate Judge William Matthewman conducted a scheduling conference, via zoom, where the parties addressed, *inter alia*, the need for a confidentiality order, to protect against the disclosure of confidential, proprietary or private information.

2. Plaintiffs expressed that their principal concern is to ensure the safety and well-being of individuals, and their families, most of whom reside outside the United States, who are likely to face harm or reprisals if their identities are revealed via the disclosure of confidential materials from which they could be identified.

3. Thereafter, Judge Matthews issued a Paperless Order [DE 80], directing the Parties to confer in good faith regarding a mutually agreeable confidentiality order and to either file a joint motion for entry of a confidentiality order or, if the parties cannot agree, each file their own motion for entry of a confidentiality order by June 21, 2023.

4. Although the Parties did confer and did reach agreement on the majority of the terms of the proposed confidentiality order, the Parties could not reach agreement on a method for the disclosure of material, designated as HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY ("AEO"), to persons beyond Outside Counsel of Record.

5. In other words, Plaintiffs' wish to control the disclosure of extremely sensitive information to exclude a party's "house counsel," and other persons, which are beyond the reach of this Court.

6. Defendants have argued that Plaintiffs are seeking to place an unreasonable restriction on counsel's ability to consult with the client and respective house counsel, and their ability to prepare their case.

7. Plaintiffs maintain a balance of interests can be achieved and have provided a method for a party to modify the limitations of disclosure in particular instances and/or to specially approved persons within the Proposed Confidentiality Order. See Plaintiffs' draft proposed Confidentiality Order, Paragraph 7.4, copy of which is being filed simultaneously in Word format.

**Argument**

8. As this Court is aware, this case arises from the kidnapping, torture and execution of Steven Sotloff by the Islamic State of Iraq and Syria ("ISIS"). See DOC 70 at page 4.

9. The perpetrators of Mr. Sotloff's execution are ruthless terrorists, who regard torture and murder as viable means for achieving their goals. These persons have demonstrated they are not adverse to harming innocent people.

10. This Court has noted that Plaintiffs have alleged that Qatar Charity ("QC") is a key funding source for international terrorism; that Qatar National Bank ("QNB") knowingly assisted QC to obtain U S Dollars to finance terrorism; that QNB wired funds which were provided to one Fadel al Salim, who ultimately would order Stoloff's execution. See DOC 70, pages 6-15.

11. It is against this backdrop that Plaintiffs seek a confidentiality order controlling the disclosure of confidential information to safeguard the identity of witnesses and so that same may be kept under the Court's control.

12. Plaintiffs' fears are well substantiated. In a proceeding held In The High Court Of Justice, Queens Bench Division, Royal Courts Of Justice, London, England, involving claims of alleged terrorist funding by Doha Bank Limited, a Qatari bank, the Trial Judge noted in a judgment:

> it is apparent that the allegations relate to: significant, prolonged and determined attempts to identify the claimants; attempts to bribe and offer other inducements to people to supply information about the case and about the names of the claimants; approaches being made to a consultant with the claimants' solicitors; approaches to a translator and, more recently; approaches to an individual who has provided a statement setting out the basis for some of the allegations which are made **not only against the**

> **defendants but also against the Qatari state and Qatari officials generally. Emphasis added.**
> See Judgment, Page 001435, paragraph 6.

A copy of the Her Honour Judge Coe's, QC, of The High Court Of Justice, Queens Bench, judgment dated as of November 11, 2020, is attached as Exhibit 1.

13. The matter was also reported by online news agencies. For example the Guardian, reported on allegations of claims "that witnesses and claimants in a terror-funding case were intimidated by officials working for the state of Qatar," and the National, an online news outlet based in Abu Dabi, featured a story recounting the British court's refusal to exclude evidence of witness intimidation. A Copy of the Guardian's and the National's article are attached as Composite Exhibit 2.

14. Protecting the safety of witnesses is of paramount importance, particularly when dealing with cases involving sensitive information or where witnesses may be at risk. Terrorists are not known for being rational thinkers.

15. Witnesses who provide testimony against institutions dear to the Qatari Royal Family, or its agents, may be targeted for intimidation, harassment, or physical harm. By maintaining control over the disclosure of sensitive materials that could expose their identities, the court is able to minimize the risk of such retaliation and maintain the witnesses' safety.

16. In the matter of *Sony Computer v. NASA Electronics Corp*, 249 F.R.D. 378 (USDC SDFL 2008), Magistrate Judge Andrea M. Simonton, considered a similar issue to the one at hand. The parties in *Sony*, *id.*, had agreed that the court should approve a confidentiality order but could not agree on certain terms, such as whether AEO designation of confidential materials would include in-house counsel.

17. Although the *Sony* case involved trademark infringement issues, not potential witness interference, Magistrate Judge Simonton's reasoning, that the "Court is empowered to construct an appropriate confidentiality order based upon the prospective likelihood of inadvertent disclosure," *Id. at 382,* is more so applicable here.

18. Ultimately Magistrate Judge Simonton held that to protect against inadvertent or intentional disclosure of confidential information, it was appropriate to include an "attorneys' eyes only" designation, restricting access to outside counsel, in the confidentiality order.

19. Magistrate Judge Simonton included a measure of extra protection, so that prior to disclosure of "attorneys' eyes only" information to an expert, the party would be required to identify that expert to the other party, so that the other party would have the opportunity to lodge an objection to the disclosure to a particular expert if there was a specific reason to do so. *Sony* at 384. Plaintiffs in the present case are proposing a similar scheme.

20. It is interesting to note that the 1966 amendments to Rule 16(d) explain that, "Among the considerations to be taken into account by the court will be the safety of witnesses and others, a particular danger or perjury or witness intimidation." Fed.R.Crim.P. 16(d), Advisory Committee Notes to the 1966 Amendments.

21. The 1974 advisory committee notes likewise recognize the "obvious" appropriateness of a protective order "where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed." Fed.R.Crim.P. 16(d), Advisory Committee Notes to the 1974 Amendments.

22. Plaintiffs are aware this is not a criminal proceeding, nonetheless similar principles apply, namely; the safety of witness and the right of a witness to be free of intimidation or harassment.

23. Plaintiffs believe their draft proposed Confidential Order fairly balances the interests of the respective parties. Outside Counsel will have immediate access to AEO materials. Upon review of same, should Outside Counsel determine that it is necessary to disclose said information, either to House Counsel or to a Designated officer or employee of the Client, Outside Counsel will advise Plaintiffs' counsel and if the Parties are unable to agree within seven (7) days, the issue will be resolved by the Court.

24. In this manner all concerned will be afforded due process while preserving the trust and cooperation of witnesses. If witnesses fear reprisals from a foreign government, they are likely to be reluctant to come forward and share crucial information. By granting an order controlling access and disclosure, the court seeks to encourage witnesses to participate in the legal process without fear of potential harm. Aiming to protect witnesses from retaliation helps demonstrate a commitment to fairness, justice, and the rule of law.

25. By controlling the disclosure of protected material, the court can ensure a fair and impartial legal process. Witness intimidation or retaliation can undermine the truth-seeking objective of legal proceedings, as witnesses may alter or withhold their testimony out of fear. An order controlling access and disclosure helps maintain the integrity of the process and allows witnesses to provide their testimony without undue influence.

## Conclusion

By entering the Plaintiffs' Proposed Confidentiality Order, the court can ensure a fair and impartial legal process by balancing the need of Defense Counsel to interface with its client with the Plaintiffs' concerns for protection against disclosure of materials that could be used to discover the identities of witnesses or sources for purposes of intimidation or retaliation. Witness intimidation or retaliation can undermine the truth-seeking objective of legal

proceedings, as witnesses may alter or withhold their testimony out of fear. An order preventing disclosure helps maintain the integrity of the process and allows witnesses to provide their testimony without undue influence. The Plaintiffs' Proposed Order takes into account the Defendants' rights as well as the Plaintiffs' concerns. For the foregoing reasons, Plaintiffs respectfully requests this Court enter the Plaintiffs' Proposed Confidentiality Order grant the present motion, and enter such further relief as the court deems just.

By: /s/*George A. Minski, Esq.*
George A. Minski, Esq.
FBN. 724726
**LAW OFFICES OF GEORGE A. MINSKI, P.A**.
*Co-Counsel for Plaintiffs*
2500 Hollywood Boulevard
Hollywood, FL 33020
Dade: 305-792-2200
Broward: 954-362-4214
Email: gminski@minskilaw.com
Primary email: dgomez@minskilaw.com

**PERLES LAW FIRM PC**
Steven R. Perles, Esq.
Joshua K. Perles, Esq.,
816 Connecticut Ave. NW,
12th Floor
Washington D.C. 20006
Tel. 202-955-9055
sperles@perleslaw.com
jperles@perleslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 21, 2023, a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record.

By: /s/*George A. Minski, Esq.*
George A. Minski, Esq.
FBN. 724726