## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

ARTHUR BARRY SOTLOFF Individually and as the Administrator of the Estate of STEVEN JOEL SOTLOFF; SHIRLEY GOLDIE PULWER, and LAUREN SOTLOFF,

    *Plaintiffs*,

        v.

QATAR CHARITY and QATAR NATIONAL BANK (Q.P.S.C.),

    *Defendants*.

Case No. 9:22-cv-80726 (DMM) (WDM)

### DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER

    Defendants Qatar Charity ("QC") and Qatar National Bank ("QNB) (together, "Defendants"), pursuant to Fed. R. Civ. P. 26(c) and S.D. Fla. L.R. 7.1, move this Court for entry of a Protective Order, in the form attached as Exhibit A.

    As the Court will see from the attached order and the Plaintiffs' own filing, the parties have agreed on almost all terms of the attached Protective Order. Just one critical difference, fundamental to defense counsel's ability to defend their respective clients, remains. The Parties disagree on who will be allowed access to documents designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" ("AEO"). Under Plaintiffs' proposal, access to materials designated as AEO would be restricted to this Court and only a "limited number" of Defendants' outside counsel of record, while no employees of either Defendant or other employees of the outside counsel law firms would have access to these materials.

1

Defendants' proposal, in contrast, would allow disclosure of AEO materials to outside counsel of record <u>and</u>, for now, three employees of Defendants listed on Exhibit B of the Protective Order: QNB's General Counsel and two senior executives of QC (which does not have in-house counsel). Other designated recipients would be added later, if needed. Plaintiffs rejected Defendants' proposal.

Plaintiffs' proposal limiting disclosure of AEO materials to the outside counsel of record is unworkable and would directly interfere with defense counsel's ability to defend their clients. If defense counsel cannot share with their clients key information underlying Plaintiffs' allegations, Defendants will be substantially hindered in understanding the claims asserted against them, assessing potential settlement, pursuing (and responding to) discovery, and preparing for dispositive briefing and trial. Plaintiffs' proposal would make the production of any document under the AEO designation essentially worthless, as defense counsel would be unable to confirm any of the information contained therein with their clients.

A protective order preventing a party from defending its case cannot stand. *See, e.g., CareersUSA, Inc. v. Guerrero*, 2014 WL 12862246, at *3 (S.D. Fla. 2014) (rejecting request to include AEO designation in protective order where "Plaintiff's concerns [were] outweighed by Defendants' interest in properly defending this case"); *Water Tree Ventures, LLC v. Giles*, 2019 WL 13162408, at *3 (N.D. Fla. Apr. 26, 2019) (noting that inability of Defendants' attorneys to consult with their clients prevented Defendants from properly defending against Plaintiff's allegations); *see also Gillespie v. Charter Commc'ns,* 133 F. Supp. 3d 1195, 1201-02 (E.D. Mo. 2015) ("Requiring an 'attorneys' eyes only' designation is a drastic remedy given its impact on the party entitled to the information, in that it prevents a party from reviewing documents with counsel, and can hamper the ability of the party to present his or her case"); *Defazio v. Hollister, Inc.*, 2007

WL 2580633, at *2 (E.D. Cal. Sept. 5, 2007) (remarking on the need to balance the interests of the parties when contemplating 'attorneys' eyes only' provision and considering as a relevant factor whether "the clients have . . . real, meaningful input to make into tactical decisions" or whether their input would "be helpful in determining the bona fides of the information submitted by defendants.")

These issues are not merely hypothetical. Plaintiffs have already indicated that they intend to designate as AEO a document that purportedly reflects the $800,000 wire transfer that they allege was sent from a QC account at QNB to Fadhel al Salim (the "Wire Transfer Record"). Under the Protective Order Plaintiffs advocate, such designation would limit access to this critical document to a limited number of Defendants' outside counsel of record. The Wire Transfer Record is a linchpin of this Action. Indeed, in denying Defendants' motions to dismiss, the District Court (Middlebrooks, J.) relied heavily on the alleged $800,000 wire transfer. *See, e.g.*, D.E. 70 at 62 ("The connection between Defendants' transfer of $800,000 to al Salim and his execution of Sotloff 10 months later is extraordinarily direct, such that I easily infer conscious participation in the underlying tort."); *see also id.* at 3, 15, 38, 41, 45, 50, 52, 57, 63. Further underscoring the importance of this document, Your Honor (Matthewman, M.J.) specifically ordered Plaintiffs to produce the Wire Transfer Record within three days after the entry of a confidentiality order, and set Defendants' deadlines to file their answers to the Complaint at 14 days after Plaintiffs produce this document. D.E. 80. Certainly, Judge Matthewman was not envisioning that this production would be limited to just counsel of record, and Plaintiffs never informed the Court at the hearing they would seek such protection.

This expedited production will be of little benefit to defense counsel if they are unable to share this information with their clients. QNB already has conducted a diligent and comprehensive

3

search for any record of the alleged $800,000 wire transfer described in the Complaint and has been unable to locate any such transaction. Defense counsel would have no way to corroborate the accuracy of the Wire Transfer Record - or even confirm whether the alleged $800,000 wire transfer exists - without sharing the details of the purported transfer with QNB's General Counsel and the two disclosed executives of QC who have access to Defendants' financial records. Without the ability to discuss the Wire Transfer Record with the employees listed on Exhibit B, defense counsel cannot defend their clients.

The parties have attempted to resolve these differences, but are at a standstill. The need for the entry of an appropriate protective order, allowing for a very limited disclosure of the Wire Transfer Record and other AEO-designated materials to the three individuals named in Exhibit B of the Protective Order, is demonstrated by the critical importance of the Wire Transfer Record and similar documents to Plaintiffs' allegations and ability of the counsel for Defendants to defend their clients.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Undersigned counsel for Defendants certify that they have conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised in the Motion and that counsel for Plaintiffs do not agree to the entry of the proposed Protective Order attached hereto as Exhibit A. WHEREFORE, for the reasons set forth above, Defendants respectfully request this Court enter the proposed Protective Order in the form attached hereto as Exhibit A, and grant any further relief the Court deems just and proper.

Dated: June 21, 2023

*/s/ Daniel Alvarez Sox*
Edward M. Mullins
Daniel Alvarez Sox
**REED SMITH LLP**
200 South Biscayne Boulevard, 26th Floor
Miami, Florida 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299
emullins@reedsmith.com
dsox@reedsmith.com

Michael G. McGovern (*pro hac vice*)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
michael.mcgovern@ropesgray.com

Douglas Hallward-Driemeier (*pro hac vice*)
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
douglas.hallward-driemeier@ropesgray.com

*Counsel for Defendant Qatar National Bank (Q.P.S.C.)*

**DLA PIPER LLP (US)**

By: */s/ Harout J. Samra*
Harout J. Samra (Bar No. 70523)
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131
Tel: 305.423.8534
E-mail: harout.samra@dlapiper.com

John M. Hillebrecht*
Kevin Walsh*
Jessica A. Masella*
Michael G. Lewis*
*Pro Hac Vice*

5

                                                1251 Avenue of the Americas, 27th Floor
New York, NY 10020
Tel: 212.335.4500
E-mail: john.hillebrecht@us.dlapiper.com
kevin.walsh@us.dlapiper.com
jessica.masella@us.dlapiper.com
michael.lewis@us.dlapiper.com

*Counsel for Defendant Qatar Charity*