**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| ARTHUR BARRY SOTLOFF Individually and as Administrator of the Estate of STEVEN JOEL SOTLOFF; SHIRLEY GOLDIE PULWER, and LAUREN SOTLOFF,<br><br>          Plaintiffs,<br><br>   v.<br><br>QATAR CHARITY, a Foreign Non-Profit Organization and QATAR NATIONAL BANK (Q.P.S.C.), a Foreign Multinational Commercial Bank,<br><br>          Defendants. | Case No. 9:22-cv-80726 (DMM) (WDM) |

## JOINT DISCOVERY PLAN

Pursuant to the Court's Amended Pretrial Scheduling Order and Order Re-Setting Trial Date, date June 9, 2023 (ECF No. 81), the parties respectfully submit the following Joint Discovery Plan:

1. The Parties estimate the valuation of the case as follows:

   a. Plaintiffs: Plaintiffs estimate their damages at $273,016,366.89. Plaintiffs base their damage model on the award entered by the Honorable Timothy J. Kelly, United States District Judge, United States District Court for the District Columbia, in the matter of Arthur Barry Sotloff, et al., vs Syrian Arab Republic Case No. 16-725(TJK). In Sotloff et al., v. Syrian Republic, Judge Kelly awarded Plaintiffs the sum $91,005,455.63 as and for pain and suffering, past and future economic loss and Solatium. Using Judge Kelly's award as a base,

as applied to the claims asserted in Plaintiff's Complaint, pursuant to Section 2333 of the Anti-Terrorism Act (18 USC §2331 et. seq.), as amended by the Justice Against Sponsors of Terrorism Act, which provides for the recovery of treble damages, Plaintiffs' claim is estimated to be valued at $273,016,366.89.[i]

    b.  Defendant QNB:  Plaintiffs are not entitled to damages of any kind.

    c.  Defendant QC:  Plaintiffs are not entitled to damages of any kind.

2.    Dates for exchange of initial disclosures pursuant to Rule 26(a)(1):

    a.  Plaintiffs: July 10, 2023.

    b.  Defendants: July 24, 2023.

3.    The subjects on which discovery may be needed:

    a.  Plaintiffs: Without the benefit of the Defendants' Answers, Affirmative Defenses and Initial Disclosures, Plaintiffs lack the ability to respond with specificity. In broad terms, Plaintiffs will likely seek discovery including but not limited to (1) QNB's banking procedures, practices and records (2) QC's procedures, practices and records, (3) email, texts and other forms of recorded communications, to and from the Defendants and/or relevant third Parties, and (4) depositions of Defendants' officers employees and agents, as well as depositions of third parties, all concerning events and transactions described in the complaint.

    b.  Defendant QNB: Among other things, QNB expects to seek discovery, including from third parties, into (1) the basis for the allegations in Plaintiffs' Complaint, including the purported conspiracy among the Defendants and other

---

[i] Although Judge Kelly's ruling awarded punitive damages, punitive damages are not provided for pursuant to the statutory authority.

parties alleged in paragraphs 77 through 102 of the Complaint, and (2) the various events referenced in the Complaint. QNB anticipates seeking document discovery from, and taking depositions of, Plaintiffs and third parties concerning the allegations in the Complaint.

   c. Defendant QC: Among other things, QC expects to seek discovery, including from third parties, into (1) the basis for the allegations in Plaintiffs' Complaint, including the purported conspiracy among the Defendants and other parties alleged in paragraphs 77 through 102 of the Complaint, and (2) the various events referenced in the Complaint. QC anticipates seeking document discovery from, and taking depositions of, Plaintiffs and third parties concerning the allegations in the Complaint.

4. The Parties will adhere to the sequence of discovery adopted by the Magistrate Judge.

5. The Parties expect disclosure, discovery, and/or preservation of electronically stored information ("ESI").

6. Individuals each side intends to depose:

   a. Plaintiffs: Aside from the Defendants' Corporate Representatives, without the benefit of the Defendants' Answers, Affirmative Defenses and Initial Disclosures, Plaintiffs lack the ability to respond with further specificity.

   b. Defendant QNB: QNB expects to depose all Plaintiffs and may also seek to depose third parties. Without the benefit of Plaintiffs' Initial Disclosures or documents purportedly reflecting a bank transfer as alleged in paragraphs 106

through 109 of the Complaint and referenced by the Court in its June 8, 2023 Order (ECF No. 80), QNB is unable to respond with further specificity.

   c.  Defendant QC: QC anticipates that it will depose all Plaintiffs and will also seek to depose third parties with knowledge of the alleged events in the Complaint, subject to their identification.

7.    With regard to issues about claims of privilege or of protection of discovery and trial-preparation materials, the Parties have submitted their respective proposals for entry of protective order to protect against the disclosure of highly confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this action may be warranted.

8.    Plaintiffs do not propose that changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules. QNB and QC submit that initial discovery should be limited to disclosures concerning the bank transfer alleged in paragraphs 106 through 109 of the Complaint and referenced by the Court in its June 8, 2023 Order (ECF No. 80).

9.    Early Mediation/Settlement Conference:

   a.  Plaintiffs: The Plaintiffs are in favor of early mediation or a settlement conference, and would agree to the Magistrate Judge, or to a mutually agreed private mediator.

   b.  Defendant QNB: QNB believes that mediation or a settlement conference is premature at this time.

      c.  Defendant QC: QC does not believe that this case is ripe for mediation or a

settlement conference at this time.

Dated: June 22, 2023

By: /s/ Daniel Alvarez Sox
Edward M. Mullins
Daniel Alvarez Sox
**REED SMITH LLP**
200 South Biscayne Boulevard, 26th Floor
Miami, Florida 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299
emullins@reedsmith.com
dsox@reedsmith.com

Michael G. McGovern (*pro hac vice*)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone: (212) 596-9000
Facsimile:(212)596-9090
michael.mcgovern@ropesgray.com

Douglas Hallward-Driemeier (*pro hac vice*)
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
douglas.hallward-driemeier@ropesgray.com
*Counsel for Defendant Qatar National Bank (Q.P.S.C.)*

By: /s/ Harout J. Samra
    Harout J. Samra
    **DLA PIPER LLP (US)**
    200 South Biscayne Boulevard, Suite 2500
    Miami, FL 33131
    Tel:  305.423.8534
    Email:  harout.samra@dlapiper.com

    John M. Hillebrecht*
    Kevin Walsh*
    Jessica A. Masella*

By:/s/*George A. Minski, Esq.*
George A. Minski, Esq.
**LAW OFFICES OF GEORGE A. MINSKI, P.A.**
2500 Hollywood Boulevard
Hollywood, FL 33020
Dade: 305-792-2200
Broward: 954-362-4214
Email: gminski@minskilaw.com
Primary email: dgomez@minskilaw.com

**PERLES LAW FIRM PC**
Steven R. Perles, Esq.
Joshua K. Perles, Esq.,
816 Connecticut Ave. NW,
12th Floor
Washington D.C. 20006
Tel. 202-955-9055
sperles@perleslaw.com
jperles@perleslaw.com

*Counsel for Plaintiffs*

Michael G. Lewis*
*Pro Hac Vice
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
Tel:  212.335.4500
Email:  john.hillebrecht@us.dlapiper.com
        kevin.walsh@us.dlapiper.com
        jessica.masella@us.dlapiper.com
        michael.lewis@us.dlapiper.com

Counsel for Qatar Charity

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 22, 2023, a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record.

By: */s/ Harout J. Samra*
Harout J. Samra