# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-80726-MIDDLEBROOKS/Matthewman

ARTHUR BARRY SOTLOFF, individually
and as the Administrator of the Estate of
STEVEN JOEL SOTLOFF; SHIRLEY
GOLDIE PULWER, and LAUREN SOTLOFF

      Plaintiff,

v.

QATAR CHARITY, a Foreign Non-Profit Organization,
and QATAR NATIONAL BANK (Q.P.S.C),
a Foreign Multinational Commercial Bank,

      Defendant.

_____/

## ORDER REGARDING MOTIONS FOR CONFIDENTIALITY ORDER

THIS CAUSE comes before the Court upon the Parties' competing Motions for Entry of Confidentiality Order (DE 84; DE 85). For the following reasons, the Motions are granted in part.

The Parties agree that a confidentiality order is necessary and agree on virtually all terms. The one disagreement is over the "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" ("AEO") provision. The Parties agree that "highly confidential" means "'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." (DE 84-1 at 3).

As is relevant here, Plaintiffs wish to limit such disclosures to Defendants' outside counsel and other approved persons with the consent of the designating party. (*Id.* at 11). Plaintiffs propose a procedure for challenging denials of "other approved persons" on a document-by-document basis. (*Id.*). Defendants' counsel, on the other hand, contend that 1-3 people from their

clients (a general counsel from QNB and two executives from QC) need to have access to all "highly confidential" information for them to mount a proper defense.

Fed. R. Civ. P. 26(c) permits a court to enter a protective order upon motion by a party for good cause shown. "This standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). At least one reason why an AEO designation is appropriate is if release of the information presents "a clear and obvious security risk." *See In re Sec., Fla. Dept. of Corrections*, No. 20-10650-J, 2020 WL 1933170, at *1 (11th Cir. Mar. 30, 2020) (granting petition for writ of mandamus to prevent prisoner-plaintiffs from viewing "(1) post orders; (2) technical manuals; (3) video surveillance of correctional facilities; and (4) information related to the correctional institution's physical security, including, but not limited to, cell locations, prison layout, and positioning of officers and cameras.").

Here, of immediate relevance is a document that Plaintiffs intend to designate as "highly confidential" that supports their allegation that QC wired $800,000, through its account at QNB, to the ISIS terrorist that ordered Sotloff's execution. (DE 85 at 3). Plaintiffs fear that by disclosing this document, and others like it, to people at QNB and QC, they will be putting their witnesses in serious danger. Plaintiffs' concerns appear to be limited to the disclosure of the identities of particular witnesses. (DE 84 at 3). Defendants' counsel argues that in order to assess the veracity of this allegation, they will necessarily have to share details of the document with QNB and QC. (DE 85 at 3).

Plaintiff's concern is not unfounded. In the Order Denying Defendant's Motion to Dismiss, I held that Plaintiffs plausibly alleged a conspiracy between QNB, QC, the Qatar government, and its Royal Family, to fund terrorist activities in Syria. (DE 70). Plaintiffs also cite to allegations (the truth of which are unclear) made in 2020 that the Qatar government attempted to intimidate witnesses in a terrorism funding case before an English court. (DE 84-3). Defendants are correct, however, that the wire transfer allegation is at the heart of this case, and they should be able to adequately respond to it.

Without knowing more about a particular document or set of documents, it is nearly impossible to properly weigh the security concerns at issue. Thus, I believe an amended version of Plaintiffs' proposed procedure for challenging denials of "other approved persons" will allow Defendants to receive just enough of what they need to verify/respond to allegations, without disclosing the identity of certain witnesses to people at QNB or QC. This might be accomplished by providing redacted versions of documents to QNB and QC representatives. Should, for instance, Defendants' attorneys believe that disclosing the identity of any such witness to their clients is crucial to their defense, then they can file a motion to try to obtain that relief. The forthcoming confidentiality order will outline the process for doing so. Should this process prove to be unworkable, the Parties can later move to amend the Confidentiality Order.

The Parties are advised that while I find good cause to enter a confidentiality order, I caution that the mere designation as "Confidential" by a party will not influence my decision to seal a court filing on a subsequent motion. If either party later seeks approval to submit a document under seal, such party should support a motion to file under seal with specific reasoning justifying such request. *See* Local Rule 5.4(a); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th

Cir. 1992) ("[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."); *see also Chicago Tribune Co.*, 263 F.3d at 1311 ("[M]aterial filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right."); *Gerdau Ameristeel US Inc. v. Zurich Am. Ins. Co.*, No. 20-82217, 2021 WL 7693671 (S.D. Fla. May 25, 2021) (Middlebrooks, J.) (outlining standard).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendants' Motion for Confidentiality Order (DE 84) is **GRANTED IN PART**.
2. Plaintiffs' Motion for Confidentiality Order (DE 85) is **GRANTED IN PART**.
3. A Confidentiality Order will be separately entered.

**SIGNED** at Chambers, in West Palm Beach, Florida, this 23 day of June, 2023.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record