UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-80726-MIDDLEBROOKS/Matthewman

ARTHUR BARRY SOTLOFF, individually
and as the Administrator of the Estate of
STEVEN JOEL SOTLOFF; SHIRLEY
GOLDIE PULWER, and LAUREN SOTLOFF

      Plaintiff,

v.

QATAR CHARITY, a Foreign Non-Profit Organization,
and QATAR NATIONAL BANK (Q.P.S.C),
a Foreign Multinational Commercial Bank,

      Defendant.

_____/

## CONFIDENTIALITY ORDER

THIS CAUSE came before the Court upon the Parties' competing Motions for Entry of Confidentiality Order (DE 84; DE 85). For the reasons stated in the June 23, 2023 Order Regarding Motions for Confidentiality Order, it is **hereby ORDERED AND ADJUDGED:**

1. Disclosure and discovery activity in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. This Protective Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. **DEFINITIONS**

    2.1    Action: the above-captioned matter, Case No. 9:22-cv-80726.

1

2.2     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Protective Order.

2.3     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). It shall be the duty of the Designating Party to give notice, in the manner set forth hereinafter, of the information, documents, testimony and discovery responses to be covered hereby. The duty of any other Party or person to maintain the confidentiality thereof under this Protective Order commences with such notice.

2.4     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.6     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's

competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.9 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13 Designated Outside Counsel of Record: a limited number of attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party and which have been designated by the respective law firm as allowed to have access to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY Information or Items.

2.14 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.16    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.18    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    **SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, restrictions and obligations conferred by this Protective Order do not cover the following information: (a) any information that was or becomes public knowledge other than as a result of disclosure by the Party receiving the material or other breach of the terms and conditions of this Protective Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

The restrictions and obligations in this Protective Order shall not be deemed to prohibit disclosure to or discussions with any person of any Protected Material that was already in the lawful possession of that person independent of fact discovery in this Action.

4. **DURATION**

    4.1    Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Unless the parties agrees otherwise in writing, which writing may consist of email, or a court order otherwise directs, final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

    4.2    This Court shall retain jurisdiction over the Parties and any other person who accepts being bound by this Protective Order for the purpose of enforcing its terms.

5. **DESIGNATING PROTECTED MATERIAL**

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

5

unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is

6

concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

The Party receiving such material shall place the appropriate legend on each page of any printout of material derived from the disk or other computer-readable medium.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality. A Party waives its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 If any Party objects to the designation of any documents or information as Protected Material, that Party shall first state the objection in writing to the Designating Party. The Parties agree to confer in good faith by telephone or in person with the Designating Party within seven business days of the objection to resolve any dispute respecting the terms or operation of this Protective Order, including the designation of Protected Material pursuant hereto and/or limiting the portion of any such documents or information considered to be Protected Material. If the Parties and the Designating Party are unable to resolve such dispute, either may then move the Court for an order resolving the dispute. The Designating Party shall bear the burden of justifying the designation. Until the Court rules on such dispute, the Protected Material in question shall continue to be treated for all purposes as it has been designated by the Designating Party pursuant to this Protective Order.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. Such Protected Material shall be maintained with the same duty of care with which the recipient protects its own confidential client, financial, research, development,

communications, or commercial information, which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices.

Each person who examines Protected Material produced pursuant to this Action and subject to this Protective Order is prohibited from disseminating or utilizing in any fashion, manner or method the Protected Material, or any summaries or abstracts thereof, outside the context of the Action. Each of those persons is expressly prohibited from disseminating or using in any fashion, manner or method the Protected Material, or any summaries or abstracts thereof, in any lawsuit, arbitration, claim, or proceeding other than the Action in any domestic or international forum. Each of these persons may use such Protected Material solely within the context of and for the purpose of the Action.

No person who examines Protected Material produced pursuant to this Action and subject to this Protective Order shall disclose orally, in writing or by any other means, the Protected Material or any information whatsoever derived from such Protected Material to any person not also authorized to examine the Protected Material under the terms of this Protective Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)[1];

---

[1] Exhibit A is at Docket Entry 84-1 at 19 in the above captioned case.

(c) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, other than as a result of any action in violation of this Protective Order.

(h) Other approved persons, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), with the prior written consent of counsel for the Designating Party, which consent shall be within the Designating Party's reasonable discretion. However, in no event will the Designating Party be required to consent to the disclosure of Protected Material.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Court and its personnel;

10

(b) the Receiving Party's Designated Outside Counsel of Record in this action;

(c) Other approved persons, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), with the prior written consent of counsel for the Designating Party, which consent shall be within the Designating Party's reasonable discretion. However, in no event will the Designating Party be required to consent to the disclosure of Protected Material.; and

(d) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, other than as a result of any action in violation of this Protective Order.

Counsel for the party receiving Protected Material shall retain the signed copies of Exhibit A and make them available to the Designating Party's counsel upon request. If a recipient of Protected Material refuses to sign Exhibit A, he or she shall not be provided access to such Protected Material.

**A Designating Party's denial under 7.3(c) is not a basis for failing to disclose Protected Material under 7.3(a)-(b), (d).**

7.4 <u>Procedure for Challenging Access to or Use of Protected Material</u>. If Counsel of Record for a Receiving Party, in good faith, determines that disclosure of Protected Material, either to House Counsel of the Receiving Party or to a Designated officer or employee of the Receiving Party, is necessary to properly utilize the information in the preparation of this Action, and that Counsel for the Receiving Party lacks a reasonable alternative to disclosure, **including redacting the Protected Material**, Counsel of Record for the Receiving Party shall first state, the nature of the disclosure and identify the person to whom disclosure is sought to be made, in writing, to the Designating Party. Within seven days the Parties shall confer to attempt to reach agreement on the scope and extent of disclosure. If the Parties are unable to resolve such dispute, the Receiving Party may then move the Court for an order resolving the dispute. The Receiving Party shall bear the burden of justifying the disclosure. Until the Court rules on such dispute, the

Protected Material in question shall continue to be treated for all purposes as it has been designated by the Designating Party pursuant to this Protective Order.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1 The terms of this Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

9.3. If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1    The inadvertent production of any Protected Material, without designation as such, which the Designating Party contends is subject to this Protective Order shall not be deemed a waiver in whole or in part of the claim of protection hereunder, either as to the specific document or the information disclosed. Promptly after the discovery of the inadvertent production, the Designating Party shall give notice to the recipient(s) that Protected Material has been inadvertently produced or disclosed and request that such Protected Material be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The recipient(s) thereof shall treat inadvertently disclosed documents or information as Protected Material until such time as any dispute over whether the items should be deemed Protected Material has been fully and finally resolved.

11.2. If a recipient hereunder receives any information, documents, or discovery responses which the Designating Party deems to contain inadvertently disclosed information protected by the attorney-client privilege, the work product doctrine, or any other recognized privilege or protection ("Privileged Material"), such inadvertent disclosure by any person of any Privileged Material shall not waive any such privilege or protection, for the Privileged Material or for the subject matter of that material, in the Action or any other state or federal proceeding or other proceeding, pursuant to Federal Rule of Evidence 502(d) and (e) and Federal Rule of Civil Procedure 26(b)(5)(B). This Protective Order shall not excuse a Designating Party from taking reasonable steps to identify, in advance of production, its documents and information which contain Privileged Material. It is expressly contemplated that computerized searches of data using keywords and search terms to identify Privileged Material shall be considered sufficient and reasonable measures to support the assertion of inadvertent production. In the event Privileged Material has been inadvertently disclosed, the following "claw back" procedure shall apply:

    a.    the Party seeking the claw back will send a letter identifying the Privileged Material to be returned and stating the grounds for privilege;

    b.    the recipient(s) thereof will either return the Privileged Material, without retaining any copies, or respond in writing within seven days, with an explanation as to why the Privileged Material should not be protected;

    c.    if there is a dispute as to the return of the Privileged Material, the Party seeking the claw back and the applicable recipient(s) will meet and confer within seven days of the response required by clause 10(b);

15

d. if the issue remains unresolved, the Party seeking the claw back and the applicable recipient(s) will make application to the Court within seven days of the meet and confer required by clause 10(c); and

e. until such time as the issue has been fully and finally resolved, such Privileged Material shall, for all purposes, be considered Privileged Material and shall not be reviewed by the receiving party after receipt of notice requesting return of such Privileged Material.

12. **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>Court's Jurisdiction</u>: The Court retains jurisdiction to enforce this Protective Order. Any Party may move the Court to enforce this Protective Order, or enforce any breach thereof, by a noticed motion and may seek whatever remedies are available to such Party at law or equity for breach or violation of this Protective Order as the Court may determine. All remedies available to any Party are cumulative, and the application for one does not preclude the later application for any other.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 5.4.

12.4 <u>Right to Assert Other Objections:</u> No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. The production of Protected Material shall not constitute a waiver of any

16

Party's rights to claim in the Action or otherwise that the Protected Material is privileged, not relevant or is otherwise non-discoverable, nor shall receipt thereof constitute a waiver of any Party's right to contend that the Protected Material is not privileged, discoverable or relevant.

Nothing in this Protective Order waives QNB's or Qatar Charity's reservation of rights with respect to service by the Plaintiffs of the discovery requests or otherwise precludes QNB or Qatar Charity from objecting to the production of any Discovery Material that falls within the ambit of the laws or regulations of Qatar, the jurisdiction where QNB and Qatar Charity are headquartered.

13. **FINAL DISPOSITION**

Within 30 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, unless the parties agree to a different deadline or this is so ordered by the court. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and

consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**SIGNED** in Chambers in West Palm Beach, Florida, this 23 day of June, 2023.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record